GEORGE PREWITT V. THE STATE.

No. 22286. Delivered November 11, 1942.
Rehearing Granted January 6, 1943.

The opinion states the case.

*Horace H. Shelton*, of Austin, for appellant.

*Spurgeon E. Bell*, State's Attorney, and *Benton Coopwood*, District Attorney, both of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the charge of rape on Georgia Warren, his stepdaughter, who was alleged to be under the age of eighteen years, and was by the jury given a term of five years in the State penitentiary.

The testimony need not be set forth herein, but it seemed to be satisfactory to the jury, and has a sufficient amount of probity to cause us to say that it supported their verdict.

Appellant has six bills of exceptions. The first four can be treated together. They all are based upon the fact that certain proffered trial jurors had not paid their poll tax for the current year; that they were challenged for cause by appellant; that the court overruled such challenges, and appellant was compelled to exercise peremptory challenges on all of such jurors.

It has been held that a failure to pay a poll tax shall not disqualify a petit juror, and such is said in Art. 579, C. C. P., as follows:

"Failure to pay poll tax shall not disqualify any person from jury service."

This article is found under Title 8, Chapter One "The Mode of Trial," and evidences the fact that as far as trials in the courts are concerned the legislature intended to, and did, do away with the requisite of the payment of a poll tax in order

to qualify a person as a juror. See Outlaw v. State, 125 Texas Cr. R. 636, 69 S. W. (2d) 120; Franks v. State, 139 Tex. Cr. R. 42, 138 S. W. (2d) 109.

These bills herein discussed are faulty in that it is nowhere therein shown that each thus challenged juror was subject to the payment of a poll tax; they may have been over-age, or suffering with some disability which would render them not subject thereto. See Outlaw v. State, supra. We hold that no error is shown in said bills.

We find in appellant's remaining bills the proposition that, in this, a capital case, jurors who evidenced conscientious scruples against the infliction of death for crime, as prescribed by law, were challenged by appellant for such reason, and the trial court refused to sustain such challenge for cause. In the instances herein set forth, it seems that the State failed to challenge such jurors, and the appellant then proffered a challenge for cause to each juror who had answered that he had such scruples. The trial court refused such a challenge for cause upon the part of the appellant, and it is shown that appellant was forced to use all his peremptory challenges, and finally had to take an objectionable juror because of the overruling of his challenge for cause of the juror who answered that he had such scruples.

Art. 616, C. C. P., sets forth the reasons for challenge of jurors in capital cases. Subdivision 11 thereof reads as follows:

"That the juror has conscientious scruples in regard to the infliction of the punishment of death for crime."

Nowhere therein is it said that such reasons, or any certain one of them, are sustainable alone by being offered by either the State or the accused. They seem to apply to each party to the trial, and we have so held in the case of Taylor v. State, 99 S. W. (2d) 609:

"In capital cases the defendant as well as the state has a right to challenge for cause a juror who has conscientious scruples about the infliction of the death penalty as a punishment for crime."

We early held in the case of Gonzales v. State, 31 Tex. Cr. R. 508, 21 S. W. 253, that it was the duty of the court to excuse

each juror who answered tht he had conscientious scruples against the infliction of death as a punishment, and it seems that in such case the court, without any suggestion on the part of the State or accused, himself excused such jurors. Nowhere does the statute say that this challenge for cause inures only to the benefit of the State, and in this instance appellant offers some ingenious arguments to show that such a juror would be objectionable to an accused.

There are further complaints relative to the argument of the district attorney which will doubtless not occur again upon another trial.

For a failure to sustain appellant's challenge for cause as to the jurors evidencing conscientious scruples relative to the punishment of death in a capital case, this cause is reversed and remanded.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The State has filed an able and exhaustive motion for a rehearing in which it seriously contends that we erred in the original disposition of this case by holding that the trial court committed error in declining to sustain appellant's challenge for cause of the juror J. T. Conn and that as a result appellant was forced to exercise a peremptory challenge; and after having exhausted his fifteen peremptory challenges he was forced to accept A. D. Chapman, who was objectionable to him. The State contends, and we think properly so, that the bills of exception complaining thereof are deficient to show that the juror was objectionable; that the mere statement in the bills that the juror was objectionable to him is but a conclusion and does not show that the juror was in fact prejudiced or had formed an opinion or had prejudged the case which would make him an objectionable juror. The term "objectionable juror" is defined in 26 Tex. Jur., p. 678, Sec. 110, as follows:

" 'An 'objectionable' juror, in the sense in which the term is used in this connection, means one against whom such cause for challenge exists as would likely affect his competency or his impartiality in the trial. Without some such showing it is idle simply to say that a juror is objectionable.' Undoubtedly a juror subject to challenge for cause is objectionable, but

the term 'objectionable' in this connection also connotes 'some ground or cause, such as the formation of opinion, or some prejudice, which might be ground of challenge, and would tend to show that the juror was not absolutely fair and impartial.' That the juror was objectionable in this sense may be shown by his answers on the voir dire, or by independent evidence of expressions of opinion prior to the trial, but not by his vote for conviction and penalty although others voted for a lighter sentence. Nor is the amount of damages awarded in a civil case ground for deeming a juror objectionable."

4 Tex. Jur., p. 579, Sec. 408, states what is necessary to be shown in the bills of exception complaining of the fact that by reason of the trial court's ruling in declining to sustain a challenge for cause, the accused exhausted all of his peremptory challenges and was then forced to accept an objectionable juror. We quote from said volume as follows:

"The erroneous overruling of proper challenges of jurors for cause is ground for reversal only when it can fairly be said that injury to the defendant resulted. To warrant a reversal it must be shown not only that a sufficient challenge for cause was overruled and that the defendant exhausted his peremptory challenges, but also that one or more objectionable jurors sat in the case. If an objectionable juror was not forced upon the defendant the overruling of a challenge for cause is not reversible error even though the appellant was required to exercise a peremptory challenge in order to excuse the juror, or had, prior to the ruling, exhausted his quota of peremptory challenges."

See also Hudson v. State, 28 Tex. App. 323, 13 S. W. 388; Rippey v. State, 29 Tex. App. 37, 14 S. W. 448; Carter v. State, 76 S. W. 437; Walker v. State, 283 S. W. 788; Johnson v. State, 1 S. W. (2d) 899.

Upon a more critical examination of appellant's bills of exception complaining of the trial court's action in forcing upon him an objectionable juror, we have reached the conclusion that appellant's bills of exception are deficient in that they fail to show that A. D. Chapman was an objectionable juror within the meaning of the doctrine announced by text-writers and the decisions of this court. However, we remain of the opinion that the juror Conn was subject to challenge for cause by appellant.

Being convinced that we erred in our original opinion in reversing and remanding this cause, the State's motion for rehearing is granted, the judgment of reversal is set aside, and the judgment of the trial court is now affirmed.