Willie Albert KOONCE, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–81–335CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 6, 1983.

Terrence Gaiser, Houston, for appellant.

Timothy Taft, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and ROBERTSON, JJ.

MURPHY, Justice.

Willie Albert Koonce (Appellant) was convicted by a jury of capital murder as a party to the offense under Tex.Penal Code Ann. §§ 19.03(a)(2) and 7.01 et seq. (Vernon 1974). The court assessed punishment of life imprisonment pursuant to Tex.Code Crim.Pro.Ann. art. 37.071 (Vernon 1981). Appellant raises fifteen grounds of error relating to jury selection and composition, the sufficiency of the indictment, former jeopardy, the application of the capital murder statute to a conspiring non-killer without proof of intent to kill, and vagueness of the complicity statute. We find that none of Appellant's contentions have merit and

consequently affirm the decision of the trial court.

According to Appellant's confession and the testimony of several witnesses at trial, Anthony Pradia, Bobby Moore and Appellant conspired to rob employees of the Birdsall Supermarket in Houston. On April 25, 1980, the three men entered the store and walked toward the courtesy booth which was occupied by two employees, James McCarble and Edna Scott. Moore carried a shotgun, Pradia had a pistol, and Appellant was unarmed. Appellant walked into the booth to collect the money while Moore and Pradia remained outside near the booth window. When employee Scott became aware of Appellant's presence inside the booth, she began to scream and shortly thereafter Moore fired the shotgun through the window. James McCarble was killed. The three men fled and were arrested the following day.

Appellant was tried separately from Moore and Pradia, and a jury convicted him of capital murder in violation of Tex.Penal Code Ann. § 19.03(a)(2), (Vernon 1974) which states:

§ 19.03. Capital Murder

(a) A person commits an offense if he commits murder as defined under Section 19.02(a)(1) of this code and:

(2) the person intentionally commits the murder in the course of committing or attempting to commit kidnapping, burglary, robbery, aggravated rape, or arson.

§ 19.02(a)(1) of the Penal Code provides:

§ 19.02. Murder

(a) A person commits an offense if he:

(1) intentionally or knowingly causes the death of an individual.

Appellant's conviction of capital murder was dependent upon the law of complicity as set out in Tex.Penal Code Ann. §§ 7.01 and 7.02 (Vernon 1974), which make all parties to an offense equally culpable for the commission of a crime. Penal Code § 7.02(b) states:

§ 7.02. Criminal Responsibility for Conduct of Another

(b) If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carrying out of the conspiracy.

The court assessed punishment according to Tex.Code Crim.Pro.Ann. art. 37.071 (Vernon 1981). Based upon the decision of the jury that there was reasonable doubt whether Appellant's conduct which caused the death of Mr. McCarble "was committed deliberately and with the reasonable expectation that the death of deceased or another would result," the court sentenced Appellant to life imprisonment instead of imposing the death penalty.

In the first ground of error, Appellant contends that the trial court erred in failing to excuse a prospective juror who stated on voir dire that if an accused were given his *Miranda* warnings and knowingly waived his rights thereunder, any subsequent confession necessarily would be voluntary, regardless of any other facts or circumstances. Appellant asserts he was wrongfully deprived of a peremptory challenge, exhausted his peremptories, was denied additional ones, and was forced to accept an objectionable juror by having to use a peremptory challenge on the juror in question, who was subject to challenge for cause because he showed bias or prejudice against the applicable law by his *Miranda*—related comments.

An "objectionable juror" who may be challenged for cause under Tex.Code Crim.Pro.Ann. art. 35.16(c)(2) (Vernon 1966) is one who is incompetent or afflicted with a prejudice which would prevent his being absolutely impartial at trial. *Prewitt v. State*, 145 Tex.Cr.R. 202, 167 S.W.2d 194, 197 (1943). We find from a review of the voir dire examination that this prospective juror, a former policeman with a clear understanding of *Miranda* and interroga-

tion techniques, stated at several times that he could be impartial and follow the court's charge of the applicable law. When read in context, the response to which Appellant objects was elicited after the juror stated that the voluntariness of a confession relates merely to whether defendants "... know what they are doing, [that] they are fully informed ..." in waiving their rights. Earlier in the voir dire of this juror, the concepts of voluntariness and coercion had been differentiated. Within this context, the juror's response did not indicate he was objectionable for cause. The case of *Cuevas v. State,* 575 S.W.2d 543 (Tex.Cr.App. 1979), relied on by Appellant, dealt with a venireman who was, in fact, subject to challenge for cause. Thus, *Cuevas* is inapplicable to the case at bar. Appellant's first ground of error is overruled.

◼ The indictment alleged that Appellant "while in the course of committing and attempting to commit the robbery of ... complainant, [did] intentionally cause the death of the complainant by shooting the complainant with a gun." In his second ground of error, Appellant contends the trial court erred in denying his motion to quash the indictment since the word "gun," without further descriptive language, failed to give him adequate notice of the charge against which he would be required to defend. Appellant cites *O'Briant v. State,* 556 S.W.2d 333 (Tex.Cr.App.1977) and *Ferguson v. State,* 622 S.W.2d 846, 850–851 (Tex.Cr. App.1981) to support his position. Although the court in *O'Briant* did observe that the word, "firearm," was less vague than "gun," it did not go so far as to hold that the use of "gun" would render an indictment fundamentally defective. *O'Briant v. State,* 556 S.W.2d at 336. Vague allegations susceptible of "an almost endless list of possible meanings" were found lacking in sufficient specificity in *Ferguson.* The court in *Ferguson,* however, was focusing on acts which were capable of being committed in more than one way according to their statutory definitions. *Ferguson* is not pertinent, therefore, the issue is the adequacy of the description of the instrumentality, not of the alleged offensive act. While an indictment must allege sufficient facts to give a defendant proper notice of the charge under Tex.Code Crim.Pro. art. 21.11 (Vernon 1966), unless a fact is essential to notice, the indictment need not plead the evidence relied on by the State. *May v. State,* 618 S.W.2d 333, 341 (Tex.Cr. App.1981). If additional information requested in a motion to quash is evidentiary in nature and not required for notice or plea in bar, the indictment is sufficient. *Id.* It was held in *Dickson v. State,* 134 Tex. Cr.R. 22, 113 S.W.2d 528, 529 (1938) that the indictment language alleging the murder weapon as a "gun" was sufficient without further description of the type of gun. *See also, Nelson v. State,* 573 S.W.2d 9, 11 (Tex. Cr.App.1978). We overrule Appellant's second ground of error.

◼ Appellant's third ground of error challenges the different scheme of jury selection in capital cases in which the death penalty is sought. He states that the trial court, by failing to grant his motion to allow him to preserve his peremptory challenges until forty two prospective jurors had been qualified, violated his rights under the equal protection and due process clauses of the Fourteenth Amendment. He further asserts under this ground of error that the trial court's denial of the motion caused Appellant to be denied effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments. Appellant contends the case of *Pointer v. United States,* 151 U.S. 396, 14 S.Ct. 410, 38 L.Ed. 208 (1894), which holds that an accused is entitled to be brought face to face with the prospective jurors at the time the challenges are made, is relevant to his appeal. We can see no connection between the *Pointer* issue of physical presence before the jurors and the issue of preservation of peremptory challenges. There is no allegation by Appellant that he was not present when the peremptory challenges were exercised. In fact, he elected to examine each juror on individual voir dire instead of questioning the jurors as a group, as allowed by Tex.Code Crim.Pro. art. 35.17(2) (Vernon Supp.1982–1983). The ability to question

an individual venireman freely on voir dire in order to decide intelligently when to use one's peremptory challenges is a concomitant to the constitutional right to effective counsel. *Adams v. State*, 577 S.W.2d 717 (Tex.Cr.App.1979), *rev'd on other grounds*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980), *on remand*, 624 S.W.2d 568 (Tex.Cr. App.1981). Appellant's choice of individual, rather than group, voir dire was a tactical decision by trial counsel which actually worked to his advantage, because under the alternate selection method, double striking of veniremen and a consequent waste of peremptories would be possible. *See*, Tex. Code Crim.Pro. art. 35.25 (Vernon 1966). Appellant's third ground of error is overruled.

In his next five grounds of error, Appellant contends that the trial court erred: (1) in failing to grant Appellant's motion for mistrial when, after the jury had been selected and sworn, juror Sellin informed the court he could not return a guilty verdict for fear of retribution; (2) by failing to order the prosecution dismissed because Appellant previously had been placed in jeopardy for the same offense when all twelve jurors had been sworn, prior to the dismissal of juror Sellin and the selection of a replacement; (3) in allowing trial of the case before a jury which was not duly constituted; (4) by overruling Appellant's plea of former jeopardy; and (5) by depriving Appellant of the right to present evidence relevant to the defense of former jeopardy. ▮ In a jury trial jeopardy does not attach until the jury is impaneled and sworn. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455 (Tex.Cr.App.1979). These five grounds of error are based on Appellant's erroneous belief that where individual voir dire is employed, jeopardy attaches after the twelfth juror is selected and sworn individually. The oath contained in Tex.Code Crim.Pro. art. 35.22 (Vernon 1966) is intended to be administered to the jury as a whole. The oath begins, "you and each of you do solemnly swear . . . ." The first "you" obviously refers collectively to

the jury as a group. *White v. State*, 629 S.W.2d 701, 703–704 (Tex.Cr.App.1981), *cert. denied*, 456 U.S. 938, 102 S.Ct. 1995, 72 L.Ed.2d 457 (1982); *Battie v. State*, 551 S.W.2d 401, 406 (Tex.Cr.App.1977), *cert. denied*, 434 U.S. 1041, 98 S.Ct. 782, 54 L.Ed.2d 790 (1978). *See also*, Special Commentary and Historical Note following Tex.Code Crim.Pro. art. 35.22. Even though the jury had been selected when juror Sellin was excused and a replacement chosen, jeopardy had not attached because the statutory oath had not been administered to the collective body. Thus, no error occurred in the substitution of another juror at that time. *Sanne v. State*, 609 S.W.2d 762, 769 (Tex.Cr.App. 1980) (En Banc). Appellant was not harmed when he was denied the right to present evidence of former jeopardy to the jury in a special plea pursuant to Tex.Code Crim.Pro. arts. 27.05 (Vernon Supp.1982–1983) and 27.07 (Vernon 1966). The special plea of former jeopardy may raise only issues of fact, and because as a matter of law jeopardy had not attached, these provisions of the Code are not pertinent. *Muncy v. State*, 505 S.W.2d 925, 926 (Tex.Cr.App. 1974). Appellant's grounds of error four through eight are overruled.

▮ Appellant contends in his ninth ground of error that the trial court denied him the right to equal protection guaranteed by the Fourteenth Amendment by overruling his motion to "shuffle" the entire central panel before any prospective jurors appeared in court. Tex.Code Crim. Pro. art. 35.11 (Vernon 1966) provides for the ordering of names of prospective jurors on the list of the general jury panel by random selection. Although the judge allowed those names assigned daily to his court to be "shuffled" on a daily basis, Appellant asserts an equal protection violation, contending that he is in a different position from defendants in non-capital cases. In *Dynes v. State*, 479 S.W.2d 676, 677 (Tex.Cr.App.1972), it was held that in a large metropolitan area such as Harris County, the right to "shuffle" names extends only to those prospective jurors assigned daily by the central jury room to a

particular court. The trial court in the instant case complied with art. 35.11 of the Code of Criminal Procedure, as such procedure operates in Harris County. *Gonzalez v. State,* 468 S.W.2d 85 (Tex.Cr.App.1971). Appellant's ninth ground of error is overruled.

■ The next ground of error states that the trial court erred in excusing a prospective juror for cause on its own motion, without a challenge and over Appellant's timely objection. The court declared juror Munoz "disqualified under the law" when she stated that her opposition to the death penalty would affect her ability to deliberate objectively in the punishment phase of the trial. Tex.Code Crim.Pro.Ann. art. 35.16(b)(1) (Vernon 1966) provides that the state may challenge for cause any juror who "has conscientious scruples in regard to the infliction of the punishment of death, for crime, in a capital case, where the state is seeking the death penalty." However, the state had no opportunity to make its challenge due to the court's prompt reply to Mrs. Munoz' statement. Appellant maintains that *Martinez v. State,* 621 S.W.2d 797 (Tex.Cr.App.1981) is dispositive of this issue. The Court of Criminal Appeals held in *Martinez* that a trial judge should not excuse a prospective juror for cause on its own motion unless that juror is "absolutely disqualified," as that term is defined in art. 35.16 of the Code of Criminal Procedure. *Accord, Payton v. State,* 572 S.W.2d 677 (Tex.Cr.App.1978). While the trial court in this case erred in excusing Mrs. Munoz *sua sponte* since she was not "absolutely disqualified," it is harmless error since Appellant was not sentenced to death. In an analogous situation, the Court of Criminal Appeals has considered moot any grounds of error which related to the imposition of the death penalty when the death sentence had been commuted by the Governor. *Osteen v. State,* 642 S.W.2d 169 (Tex.Cr.App. 1982). Therefore, Appellant's tenth ground of error is overruled.

■ In Appellant's eleventh ground of error, he seems to maintain that the trial court erred in excusing prospective juror Sawyer for her inability to follow the law of the parties in a capital murder case, thereby excusing an otherwise qualified juror in violation of his rights under the Sixth and Fourteenth Amendments. Sawyer was excused after the state challenged her for cause. She had stated that although she could impose the death penalty "in a proper case," she would have an "automatic reasonable doubt" as to Appellant's guilt of capital murder because of her disagreement with the law of conspiracy, under which a non-triggerman can receive the death penalty. It seems to be Appellant's position that the jury must be composed of jurors who are capable of entertaining reasonable doubt of a defendant's guilt of capital murder where intent is not shown. We do not agree that this is the issue with respect to juror Sawyer. The guidelines for jury selection contained in *Witherspoon v. Illinois,* 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968) expressly did "not involve the right of the prosecution to challenge for cause those prospective jurors who state that their reservations about capital punishment would prevent them from making an impartial decision as to the defendant's guilt." *Id.* at 513, 88 S.Ct. at 1772. The state is entitled to challenge for cause any prospective juror who "has a bias or prejudice against any phase of the law upon which the state is entitled to rely for conviction or punishment." Tex.Code Crim. Pro. art. 35.16(b) 3 (Vernon 1966). It is the law of this state that a party can be convicted of capital murder even though he was not the actual murderer. *English v. State,* 592 S.W.2d 949, 955 (Tex.Cr.App. 1980); Tex.Penal Code Ann. §§ 7.01, 7.02, and 19.03 (Vernon 1974). Therefore, Juror Sawyer was properly challenged for cause by the state and excused by the court. We overrule the eleventh ground of error.

■ Appellant's grounds of error twelve through fourteen attack the constitutionality of applying the capital murder statute, Tex.Penal Code Ann. art. 19.03 (Vernon 1974), to a conspiring non-killer through art. 7.02(b) of the Penal Code, which combination of statutes allowed Ap-

pellant's conviction of capital murder without proof of intent to kill. In the recent case of *Enmund v. Florida,* —— U.S. ——, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), the U.S. Supreme Court in a plurality decision held that the Eighth Amendment prohibition of cruel and unusual punishment does not permit the imposition of the death penalty on a party to a felony, during the commission of which someone is murdered, if that defendant does not himself kill or intend that the killing take place. The *Enmund* holding is inapplicable to the case at bar because Appellant received a sentence of life imprisonment, rather than the death penalty. We cannot say that the punishment of life imprisonment is excessive in relation to the crime charged. *See, Coker v. Georgia,* 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977). The law of parties and the theory of criminal responsibility contained in Tex.Penal Code Ann. §§ 7.01 and 7.02 (Vernon 1974) are applicable in capital murder cases. *English v. State,* 592 S.W.2d at 955. Grounds of error twelve through fourteen are overruled.

In his fifteenth and final ground of error, Appellant contends that the law of criminal responsibility for the conduct of another, as set out in Tex.Penal Code Ann. § 7.02(b) (Vernon 1974), is void for vagueness and that application of this provision to his case was error. He argues that since the statute does not expressly state who within or outside the conspiracy should have anticipated that the felony actually committed would have resulted from the carrying out of the conspiracy, it fails to give fair notice of forbidden conduct, for even if a defendant intended that no one be harmed, he could be convicted as a party to the crime. Appellant misinterprets the syntax of that provision and apparently misunderstands the law of complicity. The phrase, "should have been anticipated," relates to the "felony actually committed." It is clear that "all conspirators are guilty" of the offense actually committed, even if one or more did not intend the specific results or did not intend any harm whatsoever, if the felony actually committed should have been anticipated. *See, Sim-*

*mons v. State,* 594 S.W.2d 760, 764–765 (Tex.Cr.App.1980) (En Banc). The only sensible conclusion is that "all conspirators" should have anticipated the commission of the felony which actually did occur. Appellant's final ground of error is overruled.

Having found no error in the trial court's judgment, we affirm it.