**Darryl Gene ESTERLINE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–450–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 27, 1986.

Rehearing Denied April 3, 1986.

Charles Manning, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

Appellant was convicted of delivery of marihuana under TEX.REV.CIV.STAT. ANN. art. 4476–15 § 4.05 (Vernon Supp. 1986). Appellant brings ten grounds of error. We affirm.

Pursuant to an arrest and search warrant, police arrested Jeffrey Doughtie at his home for possession of marihuana. To prevent his wife from also being arrested, Doughtie agreed to assist the arresting officer to capture Doughtie's narcotics supplier, the appellant. The officer recorded two telephone calls made by Doughtie at the police station to appellant in which the men arranged a meeting. These recordings were made with Doughtie's consent and cooperation. At the pre-arranged meeting, appellant transferred 7.4 ounces of marihuana to Doughtie for $400.00. When the police officers attempted to arrest appellant, he fled. After a chase and a brief struggle, they took appellant into custody.

In his first ground of error, appellant asserts that the recording of his telephone conversations with Doughtie was made in violation of the Texas wiretap statute, TEX. CODE CRIM.PROC.ANN. art. 18.20 (Vernon Supp.1986), and that the trial court therefore erred in admitting it into evidence.

Article 18.20 empowers certain judges to authorize wiretaps requested by law enforcement officials. Since appellant's taped conversations with Doughtie were not authorized by a court order, and since appellant did not consent to the recording, appellant contends that his objection to the tape's admissibility should have been sustained. We disagree.

The relevant provisions of Article 18.20 are:

Section 1. In this article:

(1) "Wire communication" means a communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception furnished or operated by a person engaged as a common carrier in providing or operating the facilities for the transmission of communications.

(2) "Oral communication" means an oral communication uttered by a person exhibiting an expectation that the communication is not subject to interception under circumstances justifying that expectation.

(3) "Intercept" means the aural acquisition of the contents of a wire or oral communication through the use of an electronic, mechanical, or other device.

(4) "Electronic, mechanical, or other device" means a device or apparatus primarily designed or used for the *nonconsensual* interception of wire or oral communications. [Emphasis added.]

Sec. 2. The contents of an intercepted communication and evidence derived from an intercepted communication may not be received in evidence in any trial if the disclosure of that information would be in violation of this article.

Section 1(4) provides that the statute applies only to *nonconsensual* communications. Since Doughtie *consented* to the taping of his conversations with appellant, a court order was not required in order for the tape to be admissible. In other words, the statute simply does not apply.

In so holding, we reject appellant's theory that the taping was nonconsensual since *appellant* did not agree to it; when appellant talked to Doughtie, he took the risk that Doughtie would repeat or record their conversation. *See United States v. White*, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1967), *adopted in Rovinsky v. State*, 605 S.W.2d 578, 582 (Tex.Crim.App. 1980) (interpreting federal constitutional law). Additionally, since the testimony of

Doughtie to his conversation with appellant was clearly admissible, it seems incongruous to interpret the statute to prohibit the use of the taped conversation of the witness Doughtie and appellant gives Doughtie's consent and knowledge of the taping. The statements of appellant on the tape were clearly more reliable than the witnesses' admissible recounting of appellant's statements. If the statute required both parties to consent it could have so provided. The complained of recording was exactly what it was; i.e., a consensual taping or recording at one end of the communication not an interception. Moreover, even if the tape's admission into evidence was error, it would not require reversal. The taped conversation merely duplicates what Doughtie and the arresting officer testified to at trial: that appellant agreed to meet at Doughtie's house so that appellant could deliver marihuana to Doughtie. Appellant's first ground of error is overruled.

■ Appellant's second and third grounds of error involve the legality of Jeffrey Doughtie's arrest. Appellant is without standing to assert that Doughtie's arrest was unlawful, however. Appellant had no reasonable expectation of privacy in either Doughtie's person or home, nor did the case against appellant depend on the seizure of evidence from Doughtie's home. *See generally Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Lewis v. State*, 598 S.W.2d 280, 283 (Tex.Crim.App. 1980); *Bates v. State*, 587 S.W.2d 121, 130 (Tex.Crim.App.1979). This result is the same under both the United States and Texas Constitutions. *See Brown v. State*, 657 S.W.2d 797, 798 (Tex.Crim.App.), *rev'd on other grounds*, 460 U.S. 730 (1983); *Garcia v. State*, 676 S.W.2d 202, 205 (Tex. App.—Corpus Christi 1984, pet. ref'd). Appellant's second and third grounds of error are overruled.

Appellant's fourth ground of error argues that his challenges for cause to three prospective jurors during voir dire were wrongly denied by the trial court.

TEX. CODE CRIM.PROC.ANN. art. 35.-16 (Vernon 1966 and Supp.1986) governs challenges for cause. The relevant provisions of Article 35.16 are:

(a) A challenge for cause is an objection made to a particular juror, *alleging some fact* which renders him incapable or unfit to serve on the jury. A challenge for cause may be made by either the State or the defense for any of the following reasons:

\*   \*   \*   \*   \*   \*

9. That he has a bias or prejudice in favor of or against the defendant;

10. That from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence him in his actions in finding a verdict.

\*   \*   \*   \*   \*   \*

(c) A challenge for cause may be made by the defense for any of the following reasons:

\*   \*   \*   \*   \*   \*

2. That he has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense for which the defendant is being prosecuted or as a mitigation thereof or of the punishment therefore. [Emphasis added].

■ Appellant asserts that the trial court was required to strike the first venireman under Article 35.16 § (a)(10) for having read a newspaper account of appellant's arrest, the details of which he could not remember, and the second venireman under Section (a)(9) for being biased and prejudiced against appellant. Appellant has waived error, if any, however, because he makes these arguments for the first time on appeal. For the denial of challenges for cause under Section (a) to be reversible error, appellant was required to apprise the trial court of the basis for his challenge at the time he made it. *See Garcia v. State*, 626 S.W.2d 46, 56 (Tex.

Crim.App.1981). Appellant did not do so but instead urged only a broad, unspecified "challenge for cause" at voir dire. Therefore, arguments involving Section (a) were waived.

Even if appellant's objections had been sufficient under Article 35.16 § (a), the voir dire examinations of the veniremen do not show that they were subject to challenge on the grounds now urged on appeal for the first time. We cannot conclude the court erred in overruling the general objections made. *See Garcia,* 626 S.W.2d at 56.

■ Appellant further asserts that the second venireman, Mr. Bagwell, should have been struck under Section (c)(2) as well, for having a bias or prejudice against part of the applicable law upon which appellant was entitled to rely. Venireman Bagwell stated that he would give little credence to testimony by appellant's character witnesses who were in the Navy with appellant, because "the service backed the service one hundred percent."

Appellant does not indicate which statute or rule of law that Bagwell harbored a bias or prejudice against, however, nor are we able to ascertain one. Appellant cites *Koonce v. State,* 654 S.W.2d 705, 707 (Tex. App.—Houston [14th Dist.] 1983, pet. ref'd) for the rule that an objectionable juror who may be challenged for cause under Section (c)(2) is one who is incompetent or afflicted with a prejudice which would prevent his being absolutely impartial at trial. The *Koonce* Court relied on *Prewitt v. State,* 145 Tex.Cr.R. 202, 167 S.W.2d 194 (1943) (on Motion for Rehearing) to formulate this rule. The *Prewitt* Court adopted the definition of an "objectionable juror" as being "one against whom such cause for challenge exists as would likely affect his competency or his impartiality in the trial." *Id.* at 197. Although the precise holding in *Prewitt* was overruled in *Wolfe v. State,* 147 Tex.Cr.R. 62, 178 S.W.2d 274, 279–81 (1944) (on Motion for Rehearing), the general definition of an "objectionable juror" as used in *Koonce* remains valid, sound law. We therefore analyze the merits of appellant's argument under this definition.

*Koonce* involved a prospective juror who was a former policeman. He was unsuccessfully challenged for cause for having a bias or prejudice against the accused's *Miranda* rights. No such rule of law is involved in appellant's challenge to Bagwell. Rather, appellant's argument is actually that Bagwell had a bias or prejudice against character evidence given by servicemen, which is governed by Section (a)(9). We have already held that appellant has waived his objections under Section (a). He may not have this argument, which was waived, now addressed by merely cloaking it in the language of Section (c).

■ The third venireman, Mr. McGriff, stated during voir dire that he had been a police officer and knew both police officers who could be expected to testify at trial. Appellant asserts that McGriff "was biased and prejudiced against the rule that witnesses are not to be believed merely because of status," but he does not cite to a section of Article 35.16 under which McGriff should have been excused for cause. In any event, McGriff's comments during voir dire do not reveal that the trial court erred in refusing to strike him for cause. McGriff only states that it would be *difficult* for him to be fair and objective, not that he *could not* be. In response to direct questions by the Court, McGriff said he could be fair and that he had not formed an opinion about appellant's guilt or innocence.

■ Appellant asserts, however, that since McGriff was struck for cause during another voir dire earlier that day for stating that he didn't think he could be fair and impartial toward a certain defendant, McGriff likewise should have been struck for cause in appellant's voir dire. The voir dire in that other case was not part of appellant's case, however. It was improperly included in the record in the case at bar, and we will not consider it. Based on the voir dire of McGriff in appellant's case, the court did not err in refusing to strike McGriff for cause.

■ Finally, we note that in response to appellant's request for three additional peremptory strikes, the trial court granted him one extra. Even if the trial court did commit error by failing to strike one of the venireman for cause, the error was cured by the court's grant of an additional peremptory strike. *See McKenzie v. State*, 11 S.W.2d 172, 179 (Tex.Crim.App.1928). Appellant's fourth ground of error is overruled.

■ Appellant's fifth ground of error involves the trial court's refusal to allow Wesley Rich to testify about appellant's reputation at the punishment stage of trial. We hold that the trial court acted properly. A witness may testify about an accused's reputation only when his testimony is not based on personal knowledge, but rather on what the witness has heard from others. *See Beecham v. State*, 580 S.W.2d 588 (Tex.Crim.App.1979); *Hudson v. State*, 629 S.W.2d 227 (Tex.App.—Fort Worth 1982, no pet.). At trial, Rich testified that he was *not familiar with* appellant's reputation and that *he had never heard anyone talking about appellant.* Appellant's counsel then asked whether Rich had heard anything bad about appellant. The State's objection to this question was sustained. By a bill of exception, Rich said he was familiar with the appellant's reputation "in the Navy community" and that this reputation was "good." During cross-examination, however, Rich stated that his opinion was based on his *personal knowledge.* Obviously, then, Rich was not qualified to testify to appellant's reputation as a peaceful and law-abiding citizen by means of a "have you heard" question. The trial court properly excluded this part of Rich's testimony.

Since the bill of exception evidence revealed that the trial court did not err in excluding Rich's testimony, appellant's other contentions—that the court erred in failing to grant an immediate opportunity to make his bill, in denying a continuance to allow Rich to testify in the bill before the close of appellant's case, and in not presenting the testimony to the jury—likewise did not constitute error. Appellant's fifth ground of error is overruled.

■ Appellant's sixth ground complains of the trial court's limiting the jury argument to ten minutes for each side in the punishment stage of trial. Appellant requested twenty minutes.

*Moya v. State*, 691 S.W.2d 63 (Tex.App.—San Antonio 1985, no pet.) involved the same issue raised by appellant. Moya, like appellant, was convicted of delivery of narcotics. The San Antonio court first noted that a trial court has broad discretion in setting the length of time for jury argument, citing *Hernandez v. State*, 506 S.W.2d 884, 886 (Tex.Crim.App.1974), *federal writ of habeas corpus relief, on other grounds, affirmed, Hernandez v. Estelle*, 674 F.2d 313 (5th Cir.1981). *Moya* at 65. In considering the exercise of that discretion, the *Moya* Court examined the quantity of the evidence, conflicts in the testimony, and the complexity of the issues. The *Moya* Court then held that, under the circumstances of that case, ten minutes was sufficient time for the defendant to argue his case to the jury.

Applying the factors of *Moya* and reviewing the record in the light most favorable to the trial court's ruling, we hold that the trial court did not abuse its discretion in limiting the jury argument to ten minutes. There were only five witnesses called, all by the defense, and all testified very briefly. Little or none of the testimony was conflicting. Nor were the issues presented at this part of the trial, concerning appellant's request for probation, either complex or elaborate. *See Moya*, 691 S.W.2d at 65–66. Appellant's sixth ground of error is overruled.

Appellant's seventh ground involves the tape of the conversations made between appellant and Jeffrey Doughtie. At the beginning and middle of the tape, the arresting officer explains where the recording was made, the persons who were present, the phone number called, the date and time, and that the purpose of the call was to purchase a half-pound of marihuana from appellant. Appellant objected to the

officer's taped statements on relevancy and hearsay grounds, but was overruled. He contends on appeal that it was reversible error for the tape to have been admitted into evidence with the arresting officer's comments on it.

Notwithstanding the court's ruling, the prosecutor agreed to omit the officer's comments when he played the tape for the jury. Appellant complains, however, that the jury was allowed to take a tape player and the tape recording into the jury room during deliberations and so *could have* listened to what appellant contends were inadmissible comments by Doughtie's arresting officer. Appellant did not object to the tape recorder being given to the jury, however, and so waived error, if any. *See Young v. State,* 488 S.W.2d 92 (Tex.Crim.App.1972). Moreover, appellant has not shown that the jury actually did listen to the officer's comments, nor are we able to ascertain how those comments could have harmed appellant even if the jury did listen to them. The comments were descriptive as to the date, purpose and parties to the conversation to be recorded, all of which were cumulative of other evidence properly before the jury. Appellant's seventh ground of error is overruled.

Appellant's eighth ground asserts that the trial court erred in not granting him a mistrial because of the prosecutor's comment that the defense witnesses who testified to appellant's good reputation knew appellant had been charged with delivery of marihuana. The trial court sustained appellant's objection and instructed the jury to disregard the comment. There was no need to grant a mistrial since the remark was neither extreme nor manifestly improper, nor did it inject new and harmful facts into the case. *See Walthall v. State,* 594 S.W.2d 74, 83 (Tex.Crim.App.1980). Appellant's eighth ground of error is overruled.

Appellant's ninth ground raises the identical issue decided by the Court of Criminal Appeals in *Johnson v. State,* 469 S.W.2d 581, 583 (Tex.Crim.App.1971). Appellant argues that TEX. CODE CRIM. PROC.ANN. art. 35.23 (Vernon 1966) prevents a trial court from allowing a jury to separate, without the parties' consent, after the jury has heard the evidence in the punishment stage of the trial but before the court reads to the jury its punishment charge. The *Johnson* Court rejected this argument. *Accord, Sierra v. State,* 476 S.W.2d 285, 286 (Tex.Crim.App.1971) ("Once the jury reaches a verdict during the guilt or innocence phase, it is within the discretion of the trial court to permit the jury to separate until the charge on punishment is submitted."). Furthermore, under the circumstances here, appellant has the burden of showing harm from the jury's separation. *See Reed v. State,* 595 S.W.2d 856, 857–58, n. 4 (Tex.Crim.App.1980); *Sierra,* 476 S.W.2d at 286; *Johnson,* 469 S.W.2d at 583. Appellant complains that the jurors may have read a newspaper account of the case which was in that day's newspaper. The trial court carefully questioned the jurors to see if any of them had read the newspaper article. All replied that they had not. No harm is shown. Appellant's ninth ground of error is overruled.

Appellant's tenth and final ground assigns error to the trial court's failure to quash the indictment. Appellant asserts that the indictment was defective since it did not adequately define "delivery" so as to put appellant on notice of the offense with which he was charged. Appellant points out that an indictment which merely alleges "delivery" is defective because there are three ways to accomplish delivery under the Controlled Substances Act, TEX. REV.CIV.STAT.ANN. art. 4476–15 § 1.02(6) (Vernon Supp.1986). *See Ferguson v. State,* 622 S.W.2d 846 (Tex.Crim. App.1981) (on Motion for Rehearing).

One way in which delivery may be made under Article 4476–15 § 1.02(6) is by "the actual ... transfer from one person to another of a controlled substance...." The indictment alleged that appellant "did then and there unlawfully, intentionally

and knowingly *deliver by actual transfer* to Jeffrey Carlton Doughtie a quantity of marihuana ..." (emphasis added). The indictment clearly and specifically tracked the statute in so far as "manner of delivery" is concerned. The indictment properly specified the manner in which appellant made delivery and gave him sufficient notice. *See Queen v. State,* 662 S.W.2d 338 (Tex.Crim.App.1983). Appellant's tenth ground of error is overruled.

The judgment of the trial court is AFFIRMED.