**Harry Wayne DECKER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00779–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 14, 1987.
Rehearing Denied June 18, 1987.

Walter Boyd, Houston, for appellant.

Frances Northcutt, Asst. Dist. Atty., for appellee.

Before WARREN, HOYT and DUNN, JJ.

## OPINION

WARREN, Justice.

A jury found appellant guilty of the offense of aggravated robbery and, based upon its finding that the State's enhancement allegations were true, assessed punishment at life imprisonment.

On February 21, 1986, the complainant, Nyuk-Siong Ng, the manager of a motel, was notified by one of his tenants that appellant was removing the hubcaps from the complainant's automobile.

The complainant ran to his car, shouted at appellant, and struck him in the face. Then, according to the complainant, appellant drew a pistol. The complainant ran inside, called the police, and reported the license number from appellant's car as appellant fled with two hubcaps.

Rita Van Berber, the tenant who first reported the offense to the complainant, testified that she saw appellant removing the hubcaps while a female companion waited in a red Volkswagen. She saw appellant reach inside his jacket after he was struck by the complainant, but she did not see a gun.

Appellant testified that he had committed the offense, but denied that he had used a gun. He also testified that his female companion was Mary Lou Echols, his wife. Appellant and his wife were tried separately.

In his first two points of error appellant complains that the trial court would not permit him to plead guilty to the lesser included offense of theft. Twice at trial, after arraignment and after the reading of the jury charge, appellant, while maintaining his innocence of aggravated robbery, offered to plead guilty to theft. The trial court instructed appellant that he could plead guilty or not guilty only to the offense of aggravated robbery alleged in the indictment.

Appellant's basic complaint is that his plea of not guilty, allegedly forced by the court's action, affected his credibility because it contradicted his testimony that he was guilty of theft. He also argues that the trial court denied him his fundamental right to plead guilty.

Theft is a lesser included offense of the greater offense of aggravated robbery, since theft may be established by proof of less than all the facts required to establish the commission of aggravated robbery. Tex.Code Crim.P.Ann. art. 37.09(1) (Vernon 1966); Tex.Penal Code Ann. § 29.03 (Vernon 1974). The indictment in this case charged appellant with aggravated robbery; the indictment supported the submission of a verdict form for aggravated robbery as well as its lesser included offense, theft, even though appellant was formally charged only with commission of the greater offense. See McKinney v. State, 615 S.W.2d 223, 224 (Tex.Crim.App.1981) (instruction proper when greater offense includes a disputed factual element).

■ The trial court properly limited appellant's plea to the charge presented in the indictment. Tex.Code Crim.P.Ann. art. 26.11 (Vernon 1966) requires when the indictment is read that "the defendant [be] asked whether he is guilty or not, *as therein charged*" (emphasis added). Though the State may elect to proceed to trial on a lesser included offense, the right of election belongs to the State, not the defendant. Zachary v. State, 505 S.W.2d 875, 877 (Tex.Crim.App.1974). The appellant has not right to force an election by pleading guilty to a lesser included offense. Kham v. State, 689 S.W.2d 324, 327 (Tex.App.— Fort Worth 1985, pet. ref'd).

Appellant's claim that his plea of not guilty affected his credibility is unfounded. His plea of not guilty was consistent with his testimony that he did not use a gun during the theft of the hubcaps. The court did not require him to enter a plea of not guilty to the lesser included offense; therefore, his confession of guilt to theft was not contradicted by his plea.

Appellant's first two points of error are overruled.

Appellant in his third through tenth points complains that the trial court placed

unreasonable time restrictions on his closing argument to the jury. Over appellant's objections, the court limited argument by both sides to 15 minutes. Appellant perfected a bill of exception in which counsel argued as he would if there had been no time restrictions; the bill was completed in 24 minutes.

The trial court's time limits are subject to review to determine whether the court abused its discretion in setting the time restrictions. *See Hernandez v. State*, 506 S.W.2d 884, 886 (Tex.Crim.App.1974). Other courts have considered the quantity of the evidence, conflicts in the testimony, and the complexity of the issues in determining whether the trial court abused its discretion. *Esterline v. State*, 707 S.W.2d 171, 176 (Tex.App.—Corpus Christi 1986, no pet.); *Moya v. State*, 691 S.W.2d 63, 65 (Tex.App.—San Antonio 1985, no pet.).

■ In light of the factors enunciated in *Esterline* and *Moya*, the trial court did not abuse its discretion in limiting the argument to 15 minutes. Six witnesses were called at trial: the complainant, the tenant who first witnessed the offense, three police officers, and appellant. The only contested issue was whether appellant displayed a pistol during the offense. The court's docket sheet shows that the testimony lasted a total of two hours and 40 minutes. Because the issues were narrow and relatively simple, the trial court did not abuse its discretion in limiting argument as it did.

Appellant's third through tenth points of error are overruled.

In his eleventh point of error appellant contends that the trial court erred in "permitting" his wife to claim her fifth amendment privilege against self-incrimination during the punishment phase of the trial. When appellant called her to testify, the court ascertained that she intended to invoke her fifth amendment privilege, as she had done during the guilt phase of the trial. The court refused to allow her to testify, even as to nonincriminating facts. Appellant's counsel perfected a bill of exception, in which he stated that the wife would only be asked questions concerning her general relationship with her husband. Counsel suggested that she would testify that she and her husband were still close and would continue their marriage after they left prison.

The trial court has discretion to disallow a defense witness's testimony when she claims her privilege against self-incrimination and refuses to answer questions on cross-examination that relate to her direct testimony. *Keller v. State*, 646 S.W.2d 506, 508 (Tex.App.—Houston [1st Dist.] 1982), *rev'd on other grounds*, 662 S.W.2d 362 (Tex.Crim.App.1984). While the right of an accused to present witnesses in his defense is a fundamental one, it is subject to the rights of the witness to avoid incriminating herself in a judicial setting. *Id.* "Because of the importance of each of these rights, courts are required to accommodate both as fully as possible without damaging one or the other." *Id.*

When a witness claims the fifth amendment privilege on cross-examination, "the ultimate inquiry for the judge is whether the cross-examiner has been deprived of the truth of the witness's direct testimony"; the direct testimony should be stricken or disallowed only when the cross-examiner is prevented from effectively testing the witness by, for example, the witness's refusal to answer questions directly related to the testimony given on direct. *Id.* (citing *Fountain v. United States*, 384 F.2d 624 (5th Cir.1967), *cert. denied, Marshall v. United States*, 390 U.S. 1005, 88 S.Ct. 1246, 20 L.Ed.2d 105 (1968); *United States v. Cardillo*, 316 F.2d 606 (2nd Cir.1963), *cert. denied, Piselli v. United States*, 375 U.S. 857, 84 S.Ct. 123, 11 L.Ed.2d 284)).

■ The trial court erred in excluding the testimony of appellant's wife, because there was no indication that she would have claimed her fifth amendment privilege to avoid answering cross-examination questions related to the nonincriminatory topics proffered by the appellant in his bill of exception. However, the error was harmless. Evidence that is relevant to the assessment of punishment includes that of defendant's prior criminal record, his general reputation, and his character, and evi-

dence legally admissible to mitigate punishment. *Allaben v. State,* 418 S.W.2d 517, 519 (Tex.Crim.App.1967). Although testimony by the wife that she loved her husband might loosely be considered relevant to the assessment of punishment, it has been held that any error in excluding such evidence is harmless. *Hayes v. State,* 484 S.W.2d 922, 925 (Tex.Crim.App.1972) (no reversible error in excluding testimony that appellant was a "loving husband"). Moreover, evidence of appellant's marital relationship, including the fact that he has two daughters, was placed before the jury by the appellant's own testimony.

Appellant's eleventh point of error is overruled.

In his final two points of error appellant argues that the trial court should have granted his out-of-time motion for new trial because, he contends, his wife's testimony became "newly available" when her conviction became final and the fifth amendment privilege no longer applied. At the hearing on the motion for new trial, appellant's wife testified that her husband did not use a gun during the commission of the offense.

 The Court of Criminal Appeals has held that such an out-of-time motion should be granted when a witness's subsequent acquittal makes her testimony "newly available." *Whitmore v. State,* 570 S.W.2d 889, 898 (Tex.Crim.App.1978). The Court of Criminal Appeals has further held that, in order to warrant a new trial, such newly available testimony must be material in the sense that it would probably bring about a different result in another trial, and the evidence must be "admissible and not merely cumulative, corroborative, collateral or impeaching." *Etter v. State,* 679 S.W.2d 511, 514 (Tex.Crim.App.1984).

The testimony of appellant's wife would not have been "material," as defined by *Etter,* and her testimony at the new trial hearing shows that she would simply have corroborated her husband's version of the facts. The trial court properly denied appellant's motion for new trial.

Appellant's twenty-fifth and twenty-sixth points are overruled.

By a supplemental brief appellant has withdrawn his thirteenth through twenty-fourth points of error.

The judgment is affirmed.