TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00229-CR







Elmer Darcell Earl, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT


NO. 96-196-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING







 The jury found appellant guilty on both counts of a two-count indictment charging
appellant with the offense of indecency with a child. See Tex. Penal Code Ann. § 21.11 (West
1994). The trial court assessed punishment, enhanced by two prior felony convictions, at
confinement for life. In a single point of error, appellant contends the trial court erred in
admitting an audio taped conversation between appellant and the complainant. We will overrule
appellant's point of error and affirm the judgment of the trial court.

 R.B. (the 15-year-old complainant) had sexual intercourse with appellant, age 34,
on four different occasions beginning in November 1995 and concluding at the end of February
1996. In addition, R.B. testified about instances of sexual contact that would come within the
proscribed conduct in section 21.11. R.B.'s introduction to appellant occurred when appellant was
introduced to R.B.'s mother as a "mentor" for R.B.'s younger brother. Despite R.B.'s efforts to
end the relationship, R.B. stated that she found it necessary to ask her father to accompany her to
the school bus stop because appellant had been "harassing me and threatening me." Police were
called as a result of an incident presumably between R.B., her father, and appellant. 
Subsequently, on March 20, 1996, R.B. received a note at school requesting that she call her
father at a number she recognized as appellant's telephone number.

 After R.B. showed the note to the school's police officer and to the principal,
Round Rock police investigator Helen Keesee-Kello went to Round Rock High School to talk to
R.B. They decided that R.B. should call appellant, and at Keesee-Kello's suggestion, tell
appellant that she was pregnant. Keesee-Kello related that she wanted to tape the conversation in
order to backup the facts R.B. had related to her. Accompanied by R.B., an assistant principal,
and an investigator, a recording device in the assistant principal's office was used. The tape
included a number of incriminating statements by appellant, i.e., appellant was HIV positive and
appellant's inquiry whether R.B. wanted appellant to tell her parents.

 Appellant contends that the trial court erred in admitting the audiotape of the
telephone conversation between appellant and R.B. in violation of article 18.20 of the Code of
Criminal Procedure. Tex. Code Crim. Proc. Ann. art. 18.20 (West Supp. 1998). Appellant
recognizes that numerous courts of appeals have held that a consensual taping at one end of a
conversation is not an interception for the purposes of article 18.20. See Esterline v. State, 707
S.W.2d 171 (Tex. App.--Corpus Christi 1986, pet. ref'd); Beck v. State, 741 S.W.2d 516, 524
(Tex. App.--Corpus Christi 1987, pet. ref'd); McDuffie v. State, 854 S.W.2d 195, 205 (Tex.
App.--Beaumont 1993, pet ref'd); Hall v. State, 862 S.W.2d 710, 713 (Tex. App.--Beaumont
1993, no pet.).

 In Esterline, Doughtie (the informer) entered into an agreement with police that he
would consent to the taping of his conversation with the defendant supplier of marihuana in
exchange for no charges being filed against his wife. 707 S.W.2d at 173. The defendant
contended that article 18.20 required authorization of certain judges to permit the wiretaps
requested by the law enforcement officers. Id. Since Esterline was the first case to consider this
issue, and explored the question in greater depth than subsequent opinions, we quote the relevant
portions of that opinion:


 The relevant provisions of Article 18.20 [West 1986] are:


 Section 1. In this article:


(1) "Wire communication" means a communication made in whole
or in part through the use of facilities for the transmission of
communications by the aid of wire, cable, or other like
connection between the point of origin and the point of reception
furnished or operated by a person engaged as a common carrier
in providing or operating the facilities for the transmission of
communications.


(2) "Oral communication" means an oral communication uttered by
a person exhibiting an expectation that the communication is not
subject to interception under circumstances justifying that
expectation.


(3) "Intercept" means the aural acquisition of the contents of a wire
or oral communication through the use of an electronic,
mechanical, or other device.


(4) "Electronic, mechanical, or other device" means a device or
apparatus primarily designed or used for the nonconsensual
interception of wire or oral communications. [Emphasis added.]


 Section 2. The contents of an intercepted communication
and evidence derived from an intercepted communication may not
be received in evidence in any trial if the disclosure of that
information would be in violation of this article.


 Section 1(4) provides that the statute applies only to
nonconsensual communications. Since Doughtie consented to the
taping of his conversations with appellant, a court order was not
required in order for the tape to be admissible. In other words, the
statute simply does not apply.


 In so holding, we reject appellant's theory that the taping
was nonconsensual since appellant did not agree to it; when
appellant talked to Doughtie, he took the risk that Doughtie would
repeat or record their conversation. Additionally, since the
testimony of Doughtie to his conversation with appellant was clearly
admissible, it seems incongruous to interpret the statute to prohibit
the use of the taped conversation of the witness Doughtie and
appellant gives Doughtie's consent and knowledge of the taping. 
The statements of appellant on the tape were clearly more reliable
than the witnesses' admissible recounting of appellant's statements. 
If the statute required both parties to consent it could have so
provided. The complained of recording was exactly what it was;
i.e., a consensual taping or recording at one end of the
communication not an interception.



Id. at 173-74 (emphasis in original) (internal citations omitted).

 The court of criminal appeals adopted the reasoning of United States v. White, 401
U.S. 745 (1967) in rejecting a constitutional challenge to a government agent recording his
conversation with the defendant. See Rovinsky v. State, 605 S.W.2d 578, 582 (Tex. Crim. App.
1980). Rovinsky followed the White rationale that there is no difference between a government
agent immediately reporting and transcribing his conversation with a defendant and the agent
recording the conversation with electronic equipment. Id.

 We are not persuaded by appellant's argument that Esterline was wrongly decided,
nor do we agree with his contention that later amendments to article 18.20 require a different
result. Appellant first notes that subsequent to Esterline, in 1989, article 18.20, section 1(4) was
broadened to include any device that may be used for the nonconsensual interception of "wire,
oral, or electronic communications." Section 1(4) was further amended to state that the term
"electronic, mechanical, or other device" does not include a telephone or telegraph instrument,
despite such an instrument's potential use for nonconsensual interceptions. Act of May 28, 1989,
71st Leg., R.S., ch. 1166, § 2, 1989 Tex. Gen. Laws 4783, 4784 (Tex. Code Crim. Proc. Ann.
art. 18.20, § 1(4) (West Supp. 1998)). We do not agree with appellant's argument that this 1989
amendment resulted in the necessity of judicial authorization for the taping of consensual
communications. We note that McDuffie and Hall continued to follow Esterline after this
amendment.

 Appellant also urges that a 1997 amendment to article 18.20 is evidence that the
legislature intended for article 18.20 to be applied to consensual interceptions prior to that date. 
In that year, section 17 of article 18.20 was amended to provide that the statute does not apply to
conduct "described as an affirmative defense under Section 16.02(c), Penal Code." Act of June
1, 1997, 75th Leg., R.S., ch. 1051, § 4, 1997 Tex. Gen. Laws 4005, 4007 (Tex. Code Crim.
Proc. Ann. art. 18.20, § 17 (West Supp. 1998)). Penal Code section 16.02 defines the offense
of unlawful interception of communications. Tex. Penal Code Ann. § 16.02 (West 1994 & Supp.
1998). Section 16.02(c)(3) provides that it is an affirmative defense that one party to the
communication has given prior consent to the interception. Appellant notes that before the 1997
amendment, only the conduct described by Penal Code section 16.02(c)(5) (relating to
interceptions in life-threatening situations) was expressly exempted from article 18.20. We believe
that the 1997 amendment merely conformed article 18.20 to existing case law and should not be
read as a legislative disapproval of that case law.

 Appellant also contends that it was not shown by clear and convincing evidence that
R.B. voluntarily consented to the taping of her conversation with appellant. Assuming that there
was no express consent, the evidence overwhelmingly shows implied voluntary consent. R.B. had
tried to break off the affair and had enlisted the help of her father to prevent being contacted by
appellant when she walked to the school bus. She exhibited appellant's note with its fraudulent
representation to the school officer and the principal. She worked with Keesee-Kello relative to 
the details of the call she would make to appellant. R.B. made the call to appellant from the
principal's office where taping equipment was found for recording. We hold that the trial court
did not abuse its discretion in admitting the call. Appellant's point of error is overruled.

 The judgment of the trial court is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Yeakel, Justices Aboussie and Davis*

Affirmed

Filed: September 11, 1998

Do Not Publish



* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).



White, 401
U.S. 745 (1967) in rejecting a constitutional challenge to a government agent recording his
conversation with the defendant. See Rovinsky v. State, 605 S.W.2d 578, 582 (Tex. Crim. App.
1980). Rovinsky followed the White rationale that there is no difference between a government
agent immediately reporting and transcribing his conversation with a defendant and the agent
recording the conversation with electronic equipment. Id.

 We are not persuaded by appellant's argument that Esterline was wrongly decided,
nor do we agree with his contention that later amendments to article 18.20 require a different
result. Appellant first notes that subsequent to Esterline, in 1989, article 18.20, section 1(4) was
broadened to include any device that may be used for the nonconsensual interception of "wire,
oral, or electronic communications." Section 1(4) was further amended to state that the term
"electronic, mechanical, or other device" does not include a telephone or