Kate McLean and Ellis Barnett v. The State.

*No. 320.    Decided January 27.*

**1. Adultery — Husband and Wife as Witnesses Against Each Other.**—Article 735, Code of Criminal Procedure, declares, " the husband and wife shall in no case testify against each other, except in a criminal prosecution for an offense committed by one against the other." *Held,* on the joint prosecution and trial of a husband and another woman for adultery, the wife of the man is not competent as a witness against the parties, and the court can not in the charge so limit and restrict her evidence as to render it competent.

**2. Limitation of Argument of Counsel.**—On a joint trial for adultery, where the defendant's were each represented by separate counsel, and where a number of witnesses testified in the case, and the evidence was conflicting, *held,* that it was error for the court to limit the argument on the part of each defendant to seventeen minutes.

Appeal from the County Court of Collin. Tried below before Hon. M. G. Abernathy, County Judge.

On a joint prosecution, by information, and a joint trial for adultery, both appellants were convicted and the punishment affixed against each at a pecuniary fine of $100.

At the trial, over objection of both defendants, the court permitted Sophrona Barnett, wife of defendant Ellis Barnett, to testify as a witness in the case. The whole matter pertaining to her testimony is presented in defendants' bill of exceptions, as follows:

" Be it remembered, on the trial of this case, which was a joint trial against both defendants (there having been no severance demanded or requested by any party, the State or the defendants), the county attorney offered one Sophrona Barnett as a witness, and offered to prove the following facts by her as such witness, to which the defendants then and there in open court excepted, for the following reasons, ' that she was an incompetent witness under the law, and was the wife of the defendant Ellis Barnett;' which objections were then and there overruled by the court, and it permitted and allowed the said Sophrona Barnett to testify in the presence and hearing of the jury trying the case, and said witness did testify on said trial as follows, in answer to questions propounded by

the county attorney: ' I am the wife of the defendant Ellis Barnett. I know where the defendant Kate McLean lives. I have seen Ellis Barnett at her house several times within the last two years; as many as four or five times. On the night of the 12th of March, 1893, I saw him there. I was in company with Elmira House, and went into the yard where Kate McLean lived, at night, at about 12 o'clock. We stood at the south end of the house and watched through the south window; saw Kate McLean in bed; saw Ellis get in bed with her; he had off his clothes. Kate told him to blow out the light, and he done so and got in bed with her. They staid there some fifteen or twenty minutes. They did not do anything then that I saw. I called him out, and he came out to where I was, and I told him to go home, and he went part of the way and turned off.'

" The defendant Ellis Barnett refused to ask any questions of said witness whatever, on the ground that by law she was an incompetent witness; whereupon the attorney for defendant Kate McLean asked the witness the following questions: 'Are you friendly with Kate,' to which she replied that she was not. He then asked her if she had not had a fuss with Kate McLean, in which she assaulted her and knocked her down, and the witness then said that she had done so on the night of the 9th of April, 1893. Whereupon, on a re-examination of said witness, the county attorney then and there in open court asked the witness to detail all about the fuss, and how it occurred; to which the defendants then and there again urged the objections herein above set forth, and in addition thereto the further following objections, to-wit: The fuss occurred long after the time alleged in the information, to-wit, the 12th day of March, 1893, and that the questions had only been asked to show the state of her feelings against the defendant Kate McLean, and that a detail of said difficulty would prejudice the minds of the jury trying this case against the defendant Barnett. All of which objections were then and there overruled by the court, and the witness was permitted to and did testify before the jury trying the case, in answer to said question so propounded by the county attorney, as follows, to-wit: ' On the night of the 9th of April, 1893, on the street in McKinney, at about the hour of 10 o'clock, and after church had closed, myself, my daughter, or rather Rufe and his wife, were on the sidewalk, when defendants, Ellis and Kate, came along. The defendant Ellis Barnett had a walking stick in his hand. I caught hold of Ellis, and told him he could not go home with Kate McLean; he slung me loose. I then went to fighting Kate, and did knock her down. Ellis took sides with Kate, and cursed me, and attempted to strike me with the stick, and my daughter and brother Rufe prevented him from so doing. Then Ellis went on home with Kate.' To which rulings of the court in allowing said witness to testify at all in the case, and in allowing her to detail the said fuss, each of the defendants now here

in open court excepted, and this their bill of exceptions has been examined and approved, and is ordered to be filed.''

The court qualified the foregoing bill as follows, to-wit: '' This bill is approved, with this qualification, that this proof was offered only as against the defendant Kate McLean, and the court instructed the jury that they would not consider the same as to the defendant Ellis Barnett, and I afterwards charged the jury to not consider the same as to Ellis Barnett.''  Signed by county judge.

*Jenkins & Pearson*, for appellants.—1.  On a joint trial of the defendants charged with the commission of a joint offense against the law, the wife of one of the defendants is not a competent witness against either of the defendants, against their consent or the consent of either one of them, and should not be allowed to testify.  Dill v. The State, 1 Texas Cr. App., 282–285.

2.  The court erred in limiting the attorneys who addressed the jury for each of the defendants all told to thirty-five minutes, thirty-five minutes not being a sufficient time in which one speech could be made, much less two speeches, and the court's attention was called to this fact, and more time demanded and refused by the court; and the time within which the addresses were made was divided by the counsel who represented the defendants, and when each counsel had consumed his proportionate part of the thirty-five minutes, he was promptly stopped by the court.

All persons on trial have the right to be heard by themselves or counsel, or both, and not to allow a reasonable time to present the facts and law to the jury is an abuse of the discretion vested in the trial judge.

The defendants each had separate and distinct counsel.  The court allowed each defendant seventeen and one-half minutes to argue the case to the jury, or thirty-five minutes for both defendants, which time was divided equally between the defendants.  When counsel for Kate McLean had consumed her allotted time he asked for further time, which was refused, and the court was informed that the time allotted defendant Kate McLean was not sufficient in which to present the facts to the jury, and the court positively refused to allow further time.  Const., art. 1, sec. 10; Code Crim. Proc., art. 668; Rule 50, Ct. Civ. App.

*R. L. Henry*, Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellants, who are negroes, were convicted of adultery, and their punishment assessed at $100 each.

1.  The parties being jointly indicted and jointly tried, the State, over the objection of defendants, introduced as a witness Sophrona Barnett, wife of appellant Ellis Barnett, who testified as to the most inculpatory

facts in the case.   This is assigned as error.   The code declares the husband and wife shall in no case testify against each other, except in a criminal prosecution for an offense committed by one against the other. . Code Crim. Proc., art. 735.   In Compton's case, 13 Texas Criminal Appeals, 271, it was held, that the adultery of one of the parties was not embraced in the terms of said article 735, and it was error to admit such testimony.   This construction of the code was approved in Thomas' case, 14 Texas Criminal Appeals, 72, and Johnson's case, 27 Texas Criminal Appeals, 135.

In his qualification to the bill of exceptions the court says, "the proof was offered only against defendant Kate McLean, and the jury were instructed not to consider the testimony as to Ellis Barnett."

The testimony was as to the acts of adultery between the parties.   It would have been impossible for a reasonable mind to have obeyed the instruction of the court.   The error could not be cured by such an instruction.

2. Appellant further complains, that the court limited him to seventeen minutes for discussing the testimony before the jury.   Taking into consideration the number of witnesses testifying and the conflict in the testimony, we think the court erred in placing any such limitation upon counsel.   Walker's case, ante, 175.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.