## JOHN ANSELIN V. THE STATE.

No. 2728. Decided November 12, 1913.

**1.—Public Road—Right of Being Heard by Counsel.**

Where the defendant had not waived his constitutional right of being heard by himself or counsel, or both, and the trial court ignored such right, the same was reversible error. Following Roe v. State, 25 Texas Crim. App., 33, and other cases.

**2.—Same—Working Road—Non-resident—Road Hand.**

Upon trial of failing to work a public road in a certain precinct, the State must show that defendant was subject to road duty and that he lived in con-

templation of law within the bounds of the road precinct a sufficient length of time to constitute him a road hand.

Appeal from the County Court of Chambers. Tried below before the Hon. R. J. McMurrey.

Appeal from a conviction of failing to work on a public road; penalty, a fine of $1.

The opinion states the case.

*A. L. Beason,* for appellant.—On question of defendant's non-liability to work road: Linger v. Balfour, 149 S. W. Rep., 795.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted by the court, having waived a jury, for failing to work a public road in road precinct No. 14. When the testimony was finished the court immediately announced his conclusion of guilt. Appellant's counsel immediately demanded the right to be heard in argument on the case both as to the law and facts. This the court declined to hear, because he said he had announced his conclusion. The bill of exceptions makes it apparent that the whole thing immediately followed the close of the testimony, and appellant was in time in his demand; he had not waived it but was urgently insisting upon being heard. The Constitution, art. 1, sec. 10, expressly provides that the accused shall have the right of being heard by himself or counsel, or both. The courts in passing upon this question say this is a valuable right of which the appellant can under no circumstances be deprived. Of course, he can waive it, but he has a right to be heard unless he waives it. In support of this we will cite several cases: Roe v. State, 25 Texas Crim. App., 33; Tooke v. State, 23 Texas Crim. App., 10; Reeves v. State, 34 Texas Crim. Rep., 483; Spangler v. State, 42 Texas Crim. Rep., 233. If it were necessary to cite authorities to sustain the plainly reserved right in the Constitution, these authorities are sufficient, but it is the rule as shown in the discussion of these cases by the writers of the opinions, where many of the authorities are collated, as well as by the Constitution.

There is another question, it occurs to us, which ought to have been sustained by the court, or rather that his judgment is erroneous in finding appellant guilty. Appellant did not work the road, and indirectly he received a summons to work it, but he did not live in the road precinct if the testimony of the witnesses is to be credited. The road overseer sent a written summons to him, which was not signed as road overseer, or in any way indicating it to be official, but still this summons reached the appellant at the residence of a man named Watson. It was sent there for the purpose of summoning appellant to work upon the road on the theory and under the belief that that was his home, and under that view of it, if it was true, appellant lived within the bounds of the road district. But Mr. Watson, as did another Watson, testified that appellant did not make his home at that place; that he was in the

employ of another man and working with and in boats on the bay most of the time; that he did not even keep his clothing or washing or anything of that sort at Watson's. In fact, in addition to this the State's evidence shows that he was a transient person, and it may be stated here that Watson testified for the State; at least one of the Watsons did, and another Watson testified for the defendant. Their testimony was practically identical. Under this state of facts we do not believe appellant should be convicted. Certainly the State would have to show that he was subject to road duty, and that he lived, within the contemplation of the statute, within the bounds of the road precinct a sufficient length of time to constitute him a road hand.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*