IRA MACK CHRISTOPH v. STATE.

No. 29,967. June 28, 1958.

No attorney for appellant of record on appeal.

*Dan Walton,* District Attorney, *Fred M. Hooey* and *Thomas*

*D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction under the so-called habitual-criminal statute, Art. 63, P.C., fixing punishment at imprisonment in the penitentiary, upon conviction three times of a felony less than capital, for life.

The sole question for review is the action of the trial court in refusing to permit counsel for appellant to argue before the jury that one of the prior felony convictions was not a final conviction because of an order in the sentence making that conviction run concurrently with another conviction.

The trial court refused counsel the right to present argument to the jury upon that question and in that manner to attack the finality and validity of the judgment of conviction.

Appellant insists that such action by the trial court was an infringement upon and a violation of his right to be heard by counsel. Art. 1, Sec. 10, Const. of Texas.

There is no question but that the Constitution guarantees to an accused the right to be heard by himself or counsel, including the right of argument to the jury.

This right, however, must of necessity be restricted to matters coming within the province of the jury for their determination.

Here, the prior judgments of conviction were regular upon their face. No attack was made thereon upon the trial of the case as to that fact. There was no evidence showing that the judgments were not, in fact, final.

In Arnold v. State, 127 Texas Cr. Rep. 89, 74 S.W. 2d 997, and Whiddon v. State, 160 Texas Cr. Rep. 23, 266 S.W. 2d 167, we held that in prosecutions of this nature certified copies of the prior judgments of conviction when offered in evidence made a prima facie case that the judgments were final and that such continued until the prima facie case so made had been attacked or in some manner brought into question.

Under this record the finality of the judgments was estab-

lished as a matter of law and there was nothing before the jury to the contrary.

We are constrained to agree that under such circumstances the constitutional right to be heard by counsel has not been denied this appellant.

The judgment is affirmed.