**Sherman GREATHOUSE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–085–CR.**

Court of Appeals of Texas, Corpus Christi.

April 28, 1983.

Rehearing Denied May 19, 1983.

Kim Cox, Corpus Christi, for appellant.

Grant Jones, Nueces County Dist. Atty., Corpus Christi, for appellee.

Before BISSETT, UTTER and GONZA-LEZ, JJ.

## OPINION

UTTER, Justice.

In a jury trial, appellant was convicted of aggravated robbery; punishment was assessed by the court at twenty-five years imprisonment. The sufficiency of the evidence to support the conviction is not challenged. We affirm.

In his first ground of error appellant contends that the charging portion of his indictment was fundamentally void because it substituted the word "steal" for the word "appropriate" and thus failed to follow the statutory definition of theft.

Section 31.03(a) of the Texas Penal Code defines theft as follows:

A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

The indictment stated that appellant:

"... did then and there commit the offense of theft by *exercising control over money* under the actual care, custody, and control of Juan Villarreal without [his] consent ... and during the commission of said offense the defendant, with the intent to obtain and maintain control over the money he was *stealing* did then and there intentionally ... [commit aggravated robbery]." (Emphasis added).

Section 31.01(5)(B) of the Texas Penal Code states that "Appropriate" means "to acquire or otherwise exercise control over property other than real property"; "Steal" is defined in Section 31.01(8) as meaning "to acquire property or service by theft."

Article 21.17 of the Code of Criminal Procedure provides that:

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words."

Thus, "[t]he exact words of a statute need not be alleged when there is no material difference between the allegations." *Ex Parte Burkett,* 577 S.W.2d 265 (Tex.Cr. App.1979).

We hold that there is no material difference in the wording of appellant's indictment and the statute that defined the offense for which he was convicted. The ordinary language of the indictment enabled a person of common understanding to know what was meant, thus giving appellant that degree of certainty necessary to ensure that he has notice of the offense with which he is charged. *Peterson v. State,* 574 S.W.2d 90 (Tex.Cr.App.1978). The indictment sufficiently alleged "appropriation" by accusing appellant of "exercising control over money." Appellant's first ground of error is overruled.

In his second ground of error, appellant claims that the trial court erred by failing to grant his motion for mistrial "because of the State's tampering with appellant's witnesses."

Appellant complains that on the subpoenas received by defense witnesses, the State attached a blue card that stated as follows:

"You are now under subpoena in the above case until discharged. *You are in a standby status to be called by phone when needed.* DO NOT COME TO COURT UNTIL WE TELEPHONE YOU. Please fill out the attached, addressed, stamped postcard and mail it PROMPTLY so we will know how to contact you, thereby avoiding problems that would arise if you fail to appear."

■ Appellant first contends that the attachment of these cards was fundamental error that deprived him of a fair trial because the issuance of·subpoenas "is a purely ministerial act, and absolutely no discretion lies with the State in altering the time or place a Defendant's subpoena is returnable."

Appellant does not indicate and we have not located, where in the record can be found evidence demonstrating that any alteration occurred in the time or place appellant's subpoena was returnable. *Averitt v. Gutierrez,* 567 S.W.2d 505 (Tex.Cr.App. 1978), the case cited by appellant as authority for this proposition, holds only that there is no legal limitation on the *number* of witnesses that can be properly subpoenaed to appear before an *examining* court, and it therefore has no application to the action before us.

■ Second, appellant argues that "the interference of the State with defendant's production of witnesses significantly impaired defendant's attorney, hampered his trial of the case and impaired his effectiveness."

However, at his post-trial evidentiary hearing, appellant's trial attorney testified as follows in reference to the "blue card episode:"

"... I discovered that although I had subpoenaed these three witnesses to appear in court on a certain day, that they had gotten a card signed by Ken Cessna telling them not to come to court, and I got pretty hot about it.

QUESTION: And I believe that you requested the court or the court did in fact send out deputies to attempt to locate the witnesses?

ANSWER: That's correct. We requested it and the court did, and all three of them came in. Due to the anxiety, though, for two days, I had to try to try the case, and all the time I was looking around and out the door to see if those

witnesses were coming in. I didn't know where they were.

QUESTION: Are you saying that in fact all three eventually showed up?

ANSWER: Yes, they all three did. I just used one. Because of the mannerism and so on of the other two, I was afraid that they might hurt me more than help me."

The trial record thus affirmatively reveals that appellant's witnesses arrived. No injury, other than "anxiety" is shown to have resulted from the delay.

■ Finally, appellant contends that, because of the "blue card episode", one of his witnesses was questioned concerning how she had "voluntarily disregarded" her subpoena, and that these questions were "so inflammatory as to cast doubt on the credibility and veracity of the witness and deny defendant a fair trial" because they "unfairly damaged the credibility of defendant's only alibi witness."

Appellant complains of the following dialogue between his witness, Quinesta Kay Johnson, and the prosecutor:

QUESTION: Well, did the Sheriff's office pick you up?

ANSWER: Yes, sir.

MR. WILLIAMS: Objection, Your Honor, as to how she got here. It's not material.

THE COURT: Overruled.

QUESTION: (By Mr. Dickson) The Sheriff came out to school and picked you up?

ANSWER: Yes.

QUESTION: You had a subpoena to be here, didn't you?

ANSWER: Yes, but they also told me that the little blue card I sent in that I was supposed to fill that out, and they called me if I had to come down here and be a witness. Nobody called me. That's why I didn't come. They said they would call, and they didn't call. If they did call, I go to school fulltime from eight to three.

QUESTION: So you voluntarily disregarded your subpoena?

ANSWER: No, like I said, I understood they were supposed to call me, and they didn't call, so I didn't disobey nothing.

Appellant's trial objection was that how Miss Johnson arrived at court was "not material." The ground of error raised on appeal thus varies from the trial objection, and we need not consider the argument. *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr. App.1979).

■ Even if the ground had been properly preserved, however, error, if any, was cured, since on redirect examination Miss Johnson was allowed to fully explain the situation. In addition, the trial court instructed the jury as follows:

"Members of the Jury, I am going to instruct you that we have cleaned up the mystery of the blue card on the subpoena. This is something that went into effect last month while I was on vacation. That's the reason I didn't know about it. I must instruct you that the last witness that testified... was quite proper, she meant no disrespect to the Court. She was following the instructions that had been given us or had been given her by some court personnel, and so you should not consider for any purpose any questions or remarks made by counsel which intended to imply that she was being disrespectful to the Court."

Appellant's second ground of error is overruled.

■ In his third and final ground of error appellant contends that he was denied effective assistance of trial counsel. However, this ground of error is not briefed and contains no citation of authorities to sustain appellant's contention. It does not comply with art. 40.09, Tex.Code Crim.Proc.Ann. (Supp.1978) and presents nothing for review. *McWherter v. State,* 607 S.W.2d 531 (Tex.Cr.App.1980); *Daniel v. State,* 486 S.W.2d 944 (Tex.Cr.App.1972).

■ However, despite the shortcomings of appellant's brief, we have reviewed the trial record as a whole, and note that it reveals that appellant's trial counsel presented a tenacious and reasonable de-

fense. He made numerous trial objections and conducted lengthy and vigorous examinations of witnesses. He was actively involved in the voir dire examination of the jury, and his impassioned final argument to the jury reveals that he was thoroughly acquainted with both the law and the facts of the case. We find that the totality of the representation was well above "reasonably effective assistance" of counsel. *Ex Parte Robinson,* 639 S.W.2d 953 (Tex.Cr. App.1982); *Romo v. State,* 631 S.W.2d 504 (Tex.Cr.App.1982).

All three of appellant's grounds of error are overruled, and the judgment of the trial court is AFFIRMED.