**Mary Sue MOYA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–84–00297–CR.**

Court of Appeals of Texas, San Antonio.

April 30, 1985.

Juan Martinez Gonzales, Beeville, for appellant.

C.F. Moore, Dist. Atty., Beeville, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

OPINION

DIAL, Justice.

This is an appeal from a conviction for delivery of cocaine of less than 28 grams. TEX.REV.CIV.STAT.ANN. art. 4476–15 § 4.02(b)(3)(D) (Vernon Supp.1985) (Controlled Substances Act). The accused was found guilty in a jury trial, and the jury assessed punishment at confinement for fifteen years and one day.

The first ground of error concerns the trial court excusing a juror and permitting the eleven remaining jurors to reach a verdict rather than grant a motion for mistrial.

After the jury had been selected and sworn, the State called its first witness. While the witness was on cross-examination, a juror sent a written note to the court. The juror disclosed for the first time that she had been on the grand jury that indicted the defendant.

The State or the defense may challenge a juror for cause if he served on the grand jury which found the indictment of the accused. TEX.CODE CRIM.PROC. ANN. art. 35.16(a) (Vernon Supp.1985). This is a ground of challenge which may be waived. *Id.* Neither side waived the disqualification of the juror.

The defense instead moved for a mistrial, which was overruled by the court. The trial court found the juror to be disabled from sitting in the cause and allowed the proceedings to continue with eleven jurors.

TEX.CODE CRIM.PROC.ANN. art. 36.29 (Vernon Supp.1985) provides that when a juror dies or is disabled from sitting at any time before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict. The determination as to whether a juror is disabled under article 36.29 is within the discretion of the trial court. However, the language of the article and the cases which interpreted it limit its application to those cases where the juror was physically or mentally impaired in some way, or all the parties consented to trying the case with just eleven jurors. *Carrillo*

*v. State*, 597 S.W.2d 769, 771 (Tex.Crim. App.1980).

Here, the juror was neither physically nor mentally impaired. Neither party consented to continue the case with just eleven jurors. The accused, instead, insisted on a mistrial. The preferred procedure in these circumstances is for the court to advise the accused that the trial will continue without discharging the juror unless the accused either agrees to continue with eleven jurors or asks for a mistrial. Depending on the accused's election, the court then should grant a mistrial or continue with eleven jurors. *Id.*

In the present case the court erred in failing to grant the mistrial. Ground of error one is sustained.

The second ground of error complains of the trial court limiting the jury argument to ten minutes for each side.

The trial court is vested with broad discretion in regulation of the duration of argument to the jury. *Hernandez v. State*, 506 S.W.2d 884, 886 (Tex.Crim.App. 1974). Matters to be considered in the exercise of this discretion are the quantity of the evidence, conflicts in the testimony, and the complexity of the issues. The statement of facts in the present case is very abbreviated. It contains some testimony of the first witness, the colloquy concerning the disqualified juror, and the defense attorney's jury summation. We cannot ascertain from the statement of facts the number of witnesses called or if any conflicts arose in the testimony. We know that the defense called four witnesses on a bill of exception, but apparently the defense called no witnesses before the jury. According to the judge's docket sheet, the entire testimony lasted only one and one-half hours including the attorney's opening statement. After the State rested, the defense rested, and evidence was closed.

Where the record does not contain a complete transcription of the court reporter's notes, a defendant is not entitled to relief on matters that concern the presence or absence of conflicting evidence and

the development of defensive issues. We recognize that ten minutes is a very brief time to argue a felony case to a jury. Reviewing the record in a light most favorable to the trial court's ruling, *Dubois v. State*, 164 Tex.Crim.R. 557, 301 S.W.2d 97, 101 (1957), *cert. denied*, 356 U.S. 921, 78 S.Ct. 705, 2 L.Ed.2d 717 (1958), we conclude that the trial court did not abuse its discretion in limiting the jury argument. The second ground of error should be overruled.

For the reason above stated the judgment of the trial court is reversed and the cause is remanded.

TIJERINA, J., concurs.

TIJERINA, Justice, concurring.

I concur in the result reached by the majority.

In her first ground of error appellant complains that a juror was excused and the trial court erroneously permitted the trial to continue to a verdict with only eleven jurors. During the cross-examination of the undercover narcotics officer, a juror made known to the court that she had been a member of the grand jury that indicted appellant. The trial court disqualified and excused the juror and continued the proceedings with eleven jurors.

Article 36.29(a) of the Texas Code of Criminal Procedure provides that when a juror dies or is disabled from sitting before the charge of the court is read to the jury, the remainder of the jury shall have the power to render the verdict. The determination as to whether a juror is disqualified, within the meaning of the article, is within the discretion of the trial court. *Bass v. State*, 622 S.W.2d 101, 106 (Tex.Crim.App. 1981), *cert. denied*, 456 U.S. 965, 102 S.Ct. 2046, 72 L.Ed.2d 491 (1982). Appellant's first ground of error should be overruled.

The controlling question concerns the trial court's restriction of jury argument, over objection, to ten minutes. Specifically, the asserted contention in this ground of error is that the trial court, by limiting jury argument to ten minutes, effectively denied appellant a fair trial as guaranteed by the United States Constitution and the Texas Constitution.

The analysis of this question could be limited to the Texas Bill of Rights and we would still reach the same conclusion. Article I, section 10, of the Texas Constitution guarantees that the accused "shall have the right of being heard by himself or counsel, or both." This has been interpreted as a right of the accused to be heard in argument on the law and facts of the case. *Anselin v. State*, 72 Tex.Crim. 17, 160 S.W. 713 (1913). Texas courts have consistently ruled that the constitutional guarantee to an accused of the right to be heard by himself or counsel includes the right to make jury argument. *Christoph v. State*, 166 Tex.Cr.R. 453, 314 S.W.2d 840, 840 (Tex.Crim.App.1958). In the early case of *McLean v. State*, 24 S.W. 898 (Tex.Crim. App.1894), the court in an undisturbed ruling held that where there were several witnesses and conflicting evidence, limiting counsel to seventeen minutes for jury argument was reversible error. Thus, it would seem that limiting appellant to ten minutes for jury argument in this case is tantamount to a complete denial of the right to make jury argument.

The purpose and objective of the Bill of Rights was to limit government by recognizing certain rights of the individual which may not be infringed upon or denied. Braden, *Article 1, Introduction*, in 1 THE CONSTITUTION OF THE STATE OF TEXAS: AN ANNOTATED AND COMPARATIVE ANALYSIS 2 (1977). Any claim of infringement or denial of rights on constitutional ground requires close scrutiny. In the instant case appellant was tried for an offense which carries a penalty of five years to ninety-nine years confinement. *See* Controlled Substances Act, § 401(b)(1). There were four defense witnesses, several defense motions and conflicting testimony. Article I, section 10 of the state constitution encompasses a greater protection for the accused in this regard than does the sixth amendment of the United States Con-

stitution, which is directed to the right to assistance of counsel for the defense.

The right to closing jury argument was addressed by the United States Supreme Court in *Herring v. New York,* 422 U.S. 853, 859, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593, 598 (1975), wherein the court stated:

> [T]he right to the assistance of counsel has been understood to mean that there can be no restrictions upon the function of counsel in defending a criminal prosecution in accord with the traditions of the adversary fact-finding process that has been constitutionalized in the Sixth and Fourteenth Amendments.

> \* \* \* \* \* \*

> There can be no doubt that closing argument for the defense is a basic element of the adversary fact-finding process in a criminal trial.

*Herring v. New York,* 422 U.S. at 859, 95 S.Ct. at 2553.

It is inconceivable that an allocation of ten minutes can be considered sufficient to argue a case where the accused faces a penalty of up to ninety-nine years confinement. Obviously, appellant did not have ample time to exercise his basic right to adequately argue the conflicts and inconsistencies in the testimony, the credibility of the defense witnesses, and the application of the law to the facts. Appellant's second ground of error should be sustained.

I would therefore reverse the judgment and remand the cause on the second ground of error.