**John O. FENIMORE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–85–484–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1986.

ment.

Thomas Sullivan, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before UTTER, BENAVIDES and DORSEY, JJ.

## OPINION

UTTER, Justice.

Appellant was tried before a jury and convicted of forgery. He was sentenced to serve two years in the Texas Department of Corrections, probated for five years. A fine of $2,500.00 was also imposed, and appellant was ordered to pay restitution of $7,569.15. We affirm.

Appellant does not challenge the sufficiency of the evidence to support his conviction. Therefore, a recitation of the facts is unnecessary.

Appellant was charged, by indictment, with passing a forged writing, "such writing being a sight order, to the tenor following: [a copy of a cashier's check or a draft was attached to the indictment]."

■ By his first two grounds of error, appellaut contends that the trial court should have either granted an instructed verdict or a dismissal as to counts one and two of the indictment [1] because " 'sight order' is not a 'writing' within the meaning of § 32.21 of the Texas Penal Code." Appellant argues that "there is no such thing as a 'sight order' … but rather that the instrument passed is a 'draft' and not a 'sight order' as alleged in the indictment." Appellant contends that this constitutes a variance between the indictment and the proof and requires reversal. We disagree.

Appellant admits in his brief that the writing was a negotiable instrument. TEX.PENAL CODE ANN. § 32.21(d) (Vernon 1974), states that "[a]n offense under this section is a felony of the third degree if the writing is or purports to be a … check or similar *sight order* for payment of money…." [emphasis ours] Since the term "sight order" is used in § 32.21(d), the State was procedurally correct in using this statutory language in the indictment charging appellant with forgery. It is good practice to track the language of the statute when drafting an indictment. *See Parr v. State*, 575 S.W.2d 522 (Tex.Crim. App.1978). The trial court did not err in failing to grant appellant's motion to dismiss or appellant's motion for instructed verdict. Appellant's first two grounds of error are overruled.

■ By his third ground of error, appellant contends that the trial court erred "in failing to grant a mistrial when juror Rosa Ingalls advised the Court that she was privy to evidence not presented before the whole jury in open court."

Appellant's first witness was Wuanita Shealander. On cross-examination, Ms. Shealander admitted to having had "one small" problem "with the law," but stated that she has never been convicted of any offense.

Juror Ingalls worked in the Cameron County Probation Office as a bookkeeper. Upon hearing Ms. Shealander's testimony, Juror Ingalls realized that she knew some-

---

1. Appellant was charged under a three count indictment (two counts of forgery and one of theft). Appellant was granted an instructed verdict as to the theft count. The State elected to proceed to punishment on count one.

thing about Ms. Shealander's small problem with the law. Juror Ingalls advised the Court of the problem, and a hearing was held *in camera* with Juror Ingalls, the prosecutor, and appellant's counsel present. Juror Ingalls stated, "I know for a fact, myself, working in the Probation Office that she is or was on probation. And it was a theft by check because I am in bookkeeping and I have to pay restitution." The trial court investigated the matter, and determined that Ms. Shealander had been placed on deferred adjudication. The trial court explained that deferred adjudication is not a conviction and is not generally admissible for impeachment purposes.

The remaining eleven jurors were not informed of this information, and Juror Ingalls promised not to mention it to the other jurors. She further stated that she could, regardless of this knowledge, be fair and impartial to both sides because "she [Ms. Shealander] is not the one on trial."

Appellant's counsel moved for a mistrial, which was denied. Appellant did not contend in his motion for new trial, nor does he contend here on appeal, that Juror Ingalls engaged in jury misconduct by disclosing this information to the rest of the jury.

We find the instant case distinguishable from *Carrillo v. State*, 597 S.W.2d 769 (Tex.Crim.App.1980) and *Moya v. State*, 691 S.W.2d 63 (Tex.App.—San Antonio 1985, no pet.), cited by appellant. In *Carrillo*, a juror stated that knowledge of a relative of the defendant would affect her ability as a juror. The trial court discharged the juror. The Court of Criminal Appeals stated, "[t]he trial court erred in failing to give the appellant an opportunity to choose between continuing with the eleven jurors or seeking a mistrial." *Carrillo v. State*, 597 S.W.2d at 771. In *Moya*, after the State called its first witness, a juror disclosed for the first time that she had been on the grand jury that indicted the defendant. The Court of Appeals, citing *Carrillo*, held that the trial court erred in failing to grant a mistrial. *Moya v. State*, 691 S.W.2d at 65. The Court stated

that a juror may be challenged for cause if he served on the grand jury which indicted the defendant. *Id.*

Neither case is applicable to the facts before us. The knowledge possessed by Juror Ingalls pertained to a collateral matter regarding impeachment of a defense witness. She stated that she could still be fair and impartial and would not disclose the information to the rest of the jury.

Furthermore, the record does not contain the jury voir dire. We have no way of knowing whether either party asked any questions which could have elicited this information. We find no error in the trial court's actions. Appellant's third ground of error is overruled.

■ By his fourth ground of error, appellant contends that the trial court erred in ordering him to pay restitution because such an order is in violation of the automatic stay provisions of the United States Bankruptcy Code, 11 U.S.C.A. § 362. Although the subjects of a bankruptcy filing by appellant and whether ordering appellant to pay restitution violates the automatic stay provisions were discussed in the record, there are no documents from a bankruptcy court in the record proving that appellant has filed bankruptcy. It is appellant's duty to insure that the record contains all materials necessary for appellate review. *See Franklin v. State*, 693 S.W.2d 420, 431 (Tex.Crim.App.1985). Mere assertions in a brief not supported by evidence in the record will not be considered on appeal. *Id.* Appellant's fourth ground of error is overruled.

The judgment of the trial court is AFFIRMED.