**Guadalupe Moreno BARAJAS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–313–CR.**

Court of Appeals of Texas, Corpus Christi.

May 28, 1987.

Abel Toscano, Jr., Harlingen, for appellant.

Ben Euresti, Jr., County Criminal Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and KENNEDY, JJ.

## OPINION

SEERDEN, Justice.

Appellant was convicted of murder, sentenced to life imprisonment and fined $5,000.00.

By three points of error, appellant claims that the trial court erred in limiting both his voir dire examination and closing argument at the guilt-innocence stage to twenty minutes, and asserts jury misconduct for refusing to consider probation in the punishment phase of the trial. We affirm the judgment of the trial court.

By his first two points of error, appellant asserts that the time limitations on his voir dire examination and closing argument deprived him of effective assistance of counsel.

At the beginning of the voir dire, the trial judge explained the State's burden of proof and then specifically admonished the attorneys that they would have "twenty minutes to the side." Appellant did not object at that time to this time limitation. After the prosecutor conducted his voir dire, appellant requested thirty minutes for voir dire. The trial judge stated that he would only allow twenty minutes. Toward the end of his voir dire examination, the court gave appellant a two-minute warning; appellant did not request any additional time, nor did he request permission to inquire into any specific areas in connection with either the entire panel or individual jurors. A review of the record reveals that appellant's attorney conducted a general voir dire and asked few individual questions. The voir dire examination was conducted on March 10, 1986, yet appellant's bill of exception was not filed until May 22, 1986, and was qualified by the court to the extent that the thirty questions set forth in the bill were not presented to the court at trial.

The conduct of voir dire examination rests within the sound discretion of the trial court and only an abuse of such discretion will require reversal on appeal. *Clark v. State*, 608 S.W.2d 667, 669 (Tex. Crim.App.1980). The trial court may impose reasonable restrictions on the exercise of voir dire examination, one such restriction being time limitations. *See Barrett v. State*, 516 S.W.2d 181 (Tex.Crim.App.1974).

The standard of review for this court is set forth in *Ratliff v. State*, 690 S.W.2d 597, 599–600 (Tex.Crim.App.1985):

In reviewing a contention that the trial court abused its discretion in the time limitation which it imposed, three factors are relevant: (1) whether the defendant's voir dire examination reveals an attempt to prolong the voir dire; for example, whether the questions were irrelevant, immaterial or unnecessarily repetitious; (2) whether the questions that the defendant was not permitted to ask members of the venire were proper voir dire questions; and (3) whether a defendant has shown that he was not permitted to examine jurors who served on the jury. *Thomas v. State*, 658 S.W.2d 175 (Tex. Crim.App.1983); *see Clark*, 608 S.W.2d at 669; *De La Rosa v. State*, 414 S.W.2d 668 (Tex.Crim.App.1967).

■ Although effective assistance of counsel requires an adequate amount of time to select a jury, appellant has failed to show that the trial court abused its discretion in imposing the time limit in this case.

Appellant's counsel offered only a general objection to the time limitation at the beginning of his voir dire examination. He chose to ask only general questions and neither during nor at the close of voir dire did he request additional time to ask specific questions or to inquire into areas not yet discussed. Even then, unlike the defendant in *Clark*, appellant did not present the questions that he would have asked the jury panel or the individual prospective jurors with his request for additional time, but presented his proposed additional questions in a written bill of exception filed more than two months after the entry of judgment. The presentation of additional requested areas of inquiry came too late.

■ The record contains no list of the veniremen or list of the jurors selected. The court dismissed a total of three veniremen. Appellant individually questioned only five veniremen, one of whom was dismissed by the trial court. The record does not reflect how many potential jurors were being questioned, nor how the other strikes were determined. The record does not reflect whether the jury was composed entirely from those appellant's counsel was able to examine, or whether it included veniremen he did not examine individually. Appellant has not shown, therefore, that he was harmed by the trial court's action in limiting the voir dire to twenty minutes. *Whitaker v. State*, 653 S.W.2d 781 (Tex. Crim.App.1983). Appellant's first point is overruled.

By his second point, appellant complains of the twenty-minute time limitation imposed upon his closing argument. Appellant acknowledges that the trial court is vested with broad discretion in regulating the duration of jury argument. *Hernandez v. State*, 506 S.W.2d 884, 886 (Tex. Crim.App.1974). Matters to be considered in the exercise of this discretion are the quantity of the evidence, conflicts in the testimony and the complexity of the issues. *Moya v. State*, 691 S.W.2d 63, 65 (Tex.App. —San Antonio 1985, no pet.).

■ At the time of closing arguments, the court gave twenty minutes to each side. After the State's opening, appellant requested thirty minutes which was denied. Toward the end of appellant's argument the court gave him a two-minute warning. During his closing argument, counsel did not deny that appellant stabbed the victim, but asserted the killing was an accident. The record reflects that, in appellant's closing argument, he spoke in generalities, and he did not protest the time limit at the end of his argument. Appellant's second bill of exception was also qualified in that the thirteen areas of discussion set out in the bill were not presented to the court at trial. Appellant failed to preserve any error in connection with the time limitation for closing argument. *See Moya*, 691 S.W.2d at 65. He has failed to show that the trial court abused its discretion in refusing to extend the time period for closing argument. *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App.1985); *Esterline v. State*, 707 S.W.2d 171, 176 (Tex.App.—Corpus Christi 1986, pet. ref'd). Appellant's second point is overruled.

By his third point of error, appellant contends the trial court erred in not granting him a new trial because of jury misconduct. He argues that during voir dire, two jury members failed to reveal their bias or

prejudice against granting probation in a murder case and their presence on the jury denied appellant a fair trial.

It is well established that a motion for new trial alleging jury misconduct must be supported by the affidavit of a juror or some other person who was in a position to know the facts, or must state some reason or excuse for failing to produce the affidavits. *Dugard v. State*, 688 S.W.2d 524, 528 (Tex.Crim.App.1985).

As further noted in *Dugard*, 688 S.W.2d at 529:

> Failure to grant a new trial because of alleged misconduct is not error where no affidavit of juror is attached to the motion. And certainly if the motion for new trial is not verified and no affidavits are filed to support it, the trial court is justified in overruling the motion. In fact, such motion has been characterized as 'fatally defective.'
>
> Further, a juror's affidavit attached to a motion for new trial on grounds of alleged jury misconduct does not prove itself, and is only a part of the pleading, and absent any evidence offered in support of the motion, the motion is properly overruled (citations omitted).

Appellant's first amended motion for new trial, filed with the trial court on April 14, 1986, was not supported by any sworn affidavits. At the hearing on appellant's motion for new trial he presented an affidavit from Rolando Lozano, an investigator for his lawyer, for the court's consideration. The court refused to permit the affidavit to be introduced into evidence; however, Lozano testified regarding his contact with two jurors. He admitted he had no personal knowledge of what transpired in the jury room but he talked to two of the jurors and prepared statements in the form of affidavits for the two to sign. Neither of the jurors signed the proposed affidavits and neither of the jurors testified at the hearing on the motion for new trial.

Neither the testimony of Lozano nor the unsigned documents submitted to the court present any evidence of jury misconduct which is reviewable on appeal. Appellant cites no authority to support his assertion of error and, therefore, presents nothing for review. *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Crim.App.1980); *Greathouse v. State*, 654 S.W.2d 496 (Tex. App.—Corpus Christi 1983, no pet.); Tex.R. App.P. 74(f) (Vernon Supp.1986). Appellant's third point is overruled.

The trial court judgment is AFFIRMED.