NUMBER 13-08-220-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALFREDO TORRES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 214th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Memorandum Opinion by Justice Yañez


 

 After a bench trial, the trial court found appellant, Alfredo Torres, guilty of
aggravated assault. (1) Appellant was sentenced to seven years' imprisonment. In a single
issue, appellant contends that the trial court violated his constitutional rights by denying
him an opportunity to present a closing argument. We affirm.

I. Background

 Ernesto Torres, Mary Sanchez, Mary Talerico , and appellant were residing at Maria
Torres's home. On May 30, 2007, the men were outside drinking beer. At some point,
Ernesto and appellant began to argue. According to Ernesto, appellant went to his truck
and returned with a knife. Ernesto testified that when he asked appellant what he was
going to do with the knife, appellant stated that he was going to cut up Ernesto. Appellant
then allegedly attacked Ernesto with the knife. Ernesto stated that Talerico pleaded with
appellant to leave him alone.

 Talerico began screaming, and Maria and Sanchez ran outside where they found
Ernesto covered in blood with cuts to his face. Lieutenant Hollis Bowers, the officer on call,
testified that he found Ernesto, who was very intoxicated, bleeding from cuts to his cheek
and nose. Ernesto told Lieutenant Bowers that he had fallen down. However, Bowers
testified that Ernesto's injuries were consistent with being cut, and inconsistent with falling
down. Ernesto said that he initially told the police that he had fallen down to protect
appellant. According to Ernesto, he had not actually seen appellant cut him, but saw
appellant with a knife.

 After each side rested, appellant asked the trial court, "May I have argument, Your
Honor?" The trial court replied, "I don't need argument. I heard the case, gentlemen." 
Appellant did not object to the trial court's response. The trial court found appellant guilty
of aggravated assault and assessed punishment at seven years' imprisonment. This
appeal ensued.

II. Discussion

 By his sole issue, appellant contends that the trial court violated his right to
assistance of counsel under the Sixth Amendment to the United States Constitution and
Article I, Section 10 of the Texas Constitution by not allowing him to make a closing
argument. (2) 

 The trial court abuses its discretion by denying counsel the right to make a closing
argument. (3) However, in order to preserve error for our review, appellant must not only
have notified the trial court that he wished to make a closing argument and be refused that
opportunity, but he must have made a timely objection to the trial court's denial of his
request. (4) However, when the trial court informed appellant that it did not "need" closing
argument, appellant remained silent and did not make a timely objection to the trial court's
decision. Therefore, because appellant did not object to the trial court's refusal to allow
him to present closing argument, he did not preserve error for our review. (5) We overrule
appellant's sole issue.

III. Conclusion

 The trial court's judgment is affirmed.


 

 LINDA REYNA YAÑEZ,

 Justice



Do not publish. Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed 

this the 6th day of August, 2009.

1. See Tex. Penal Code Ann. § 22.02 (a)(2) (Vernon Supp. 2008).
2. See U.S. Const. amend. VI; Tex. Const. art. I, § 10.
3. Ruedas v. State, 586 S.W.2d 520, 524 (Tex. Crim. App. 1979).
4. See Foster v. State, 80 S.W.3d 639, 640-41 (Tex. App.-Houston [1st Dist.] 2002, no pet.); see also
Tex. R. App. P. 33.1; Anselin v. State, 72 Tex. Crim. 17, 160 S.W. 713 (1913) (providing that an appellant can
waive "the right of being heard by himself or counsel, or both").
5. See Foster, 80 S.W.3d at 640-41.