

# IN THE
# TENTH COURT OF APPEALS

## No. 10-17-00350-CR

**RONALD WAYNE KENNEDY,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**


**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2014-1648-C1**


# MEMORANDUM OPINION


In this appeal, appellant, Ronald Wayne Kennedy, challenges his convictions for aggravated assault against a public servant (enhanced), unlawful possession of a firearm by a felon (enhanced), and evading arrest or detention with a prior.  *See* TEX. PENAL CODE ANN. §§ 22.02, 46.04 (West 2011); *see also id.* § 38.04 (West 2016).  We affirm.

## I.   ANALYSIS

In his sole issue on appeal, Kennedy contends that the trial court committed reversible error by limiting his closing argument to twelve minutes, especially

considering the case involved three different felony offenses, twenty-two witnesses, 140 exhibits, and a punishment range that included life imprisonment. The State counters that Kennedy failed to preserve this issue for appellate review because defense counsel did not object to the time limitation for argument or request additional time to continue argument when his time elapsed. We agree with the State.

During the charge conference, the following exchange occurred with regard to time limitations for closing argument:

| | |
|---|---|
| THE COURT: | State have any requests or objections? |
| The State: | No. |
| THE COURT: | Defense, any that we haven't already dealt with? |
| Defense counsel: | No, Your Honor. |
| The State: | Judge, we were going to suggest 12 minutes a side. |
| Defense counsel: | I would request additional time. I would request 20 minutes per side. |
| The State: | We think 12 is sufficient. |
| THE COURT: | I think 12 is sufficient also. |
| Defense counsel: | If I could have a two-minute warning. |
| The State: | Judge, if you'll let me know after I've used five. |

Shortly thereafter, the jury returned to the courtroom, the State and defense announced ready, and the court's charge was read to the jury. Moreover, during closing argument,

defense counsel did not object to the twelve-minute time limitation or request additional time.

To preserve a complaint for appellate review, the appellant must make his complaint to the trial court by a "timely request, objection, or motion that state[s] the grounds for the ruling that the complaining party [seeks] from the trial court with sufficient specificity to make the trial court aware of the complaint . . . ." TEX. R. APP. P. 33.1(a)(1)(A); *see Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009) ("To avoid forfeiting a complaint on appeal, the party must let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it. This gives the trial judge and the opposing party an opportunity to correct the error." (internal citations & quotations omitted)).

Here, defense counsel did not object at the beginning or the end of his argument to the trial court's twelve-minute limitation for argument. Furthermore, defense counsel's request for twenty minutes instead of twelve minutes did not amount to an objection. *See Barajas v. State*, 732 S.W.2d 727, 729 (Tex. App.—Corpus Christi 1987, pet. ref'd) (concluding that where appellant requested a certain time for closing argument that was denied by the trial court but then failed to object to the time limit at the end of his argument, appellant failed to preserve his complaint about the trial court's time limit on closing argument); *see also Slatter v. State*, No. 13-11-00338-CR, 2012 Tex. App. LEXIS

2556, at **14-15 (Tex. App.—Corpus Christi Mar. 29, 2012, no pet.) (mem. op., not designated for publication) (concluding that appellant's failure to "object either at the beginning or the end of his argument to the trial court's ten-minute limitation on closing argument" did not preserve his complaint and noting that "[d]efense counsel's request for fifteen minutes instead of five minutes did not amount to an objection"); *Johnson v. State*, No. 01-08-00709-CR, 2011 Tex. App. LEXIS 9462, at **18-19 (Tex. App.—Houston [1st Dist.] Dec. 1, 2011, no pet.) (mem. op., not designated for publication) (holding that appellant failed to preserve his complaint about the trial court's time limit on closing argument even where defense counsel made multiple comments during argument about her time being "short" and that she was being "rush[ed]"). Therefore, in light of the foregoing, we cannot conclude that Kennedy preserved his complaint about the trial court's twelve-minute time limit for closing argument. *See* TEX. R. APP. P. 33.1(a); *Pena*, 285 S.W.3d at 464; *Barajas*, 732 S.W.2d at 729; *see also Tyson v. State*, No. 06-14-00114-CR, 2015 Tex. App. LEXIS 2506, at *18 (Tex. App.—Texarkana Mar. 18, 2015, no pet.) (mem. op., not designated for publication) (concluding that appellant's failure to timely object or request more time at the conclusion of closing argument did not preserve any error related to the time limitation on his jury argument); *Slatter*, 2012 Tex. App. LEXIS 2556, at **14-15; *Johnson*, 2011 Tex. App. LEXIS 9462, at **18-19. We overrule Kennedy's sole issue on appeal.

## II.    CONCLUSION

We affirm the judgment of trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Senior Justice Scoggins[1]
Affirmed
Opinion delivered and filed February 13, 2019
Do not publish
[CRPM]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).